342 So.2d 1097 (1977)
Calvin JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. CC-241.
District Court of Appeal of Florida, First District.
March 9, 1977.
Richard W. Ervin, III, Public Defender, and Michael M. Corin, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Appellant Jenkins, who was tried and convicted of grand larceny, contends here that the evidence was insufficient to sustain his conviction. We agree and hold that the trial court erred in denying Jenkins' motion for judgment of acquittal.
The testimony of witness Booker Pollock constitutes the sole evidence adduced by the state. Pollock testified that on February 3, 1976, Jenkins, whom he had known for four years, came by his house to see his sister who was not at home. After using the telephone, Jenkins sat down at the dining room table with Pollock and began reading a newspaper. Situated on the table was a brown envelope in which Mr. Pollock said was his social security check in the sum of "a hundred and ninety-eight dollars and some change". The envelope had not been opened and Pollock had not viewed the contents of same, except observing his name and address through "a little piece of plastic paper that be on the envelope". Pollock went to the bathroom for a period of three to five minutes, and upon returning found Jenkins and the envelope missing. Pollock's three-year old nephew who lived in the house was playing outside. A screened door was unlocked, and anybody else could have opened the door and entered the house. After looking in his room, his mother's room and the living room, and not finding the missing envelope, Pollock called *1098 the social security office. At a later date he procured a certified copy of the original check which had been cashed.[1] It was upon this testimony that Jenkins was convicted of the crime of grand larceny and sentenced to five years.
Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958), controls. There, defendant had the opportunity to steal some $1,300.00 from his uncle, and the uncle was of the positive opinion that defendant was guilty of the theft.[2] As stated by Judge Wigginton, speaking for this court:
"We are fully aware of the burden which our system of jurisprudence places upon those charged with enforcement of the law. In the absence of positive evidence resort must be frequently made to circumstances. When evidence of this kind is relied upon for conviction, it should be acted upon with extreme caution. Our responsibility in such cases  human liberty being involved  is doubly great. The cloak of liberty and freedom is far too precious a garment to be trampled in the dust of mere inference compounded. As was stated in Adams v. State, this court is fully cognizant of the rule that conviction may be had upon circumstantial evidence alone, and although the State's burden does not extend to an absolute metaphysical and demonstrative certainty in proving a crime by circumstantial evidence, it must be sufficient as to every essential element of the crime charged to meet the requirement of the rule as set forth above. When measured in a light most favorable to the State, the evidence adduced in this case is not sufficient to close the gap to the reasonable hypotheses of innocence; and is therefore insufficient to sustain conviction."
The judgment appealed is reversed with directions that the defendant be discharged.
REVERSED.
BOYER, C.J., and SMITH, J., concur.
NOTES
[1] This is the only reference to the "certified copy" of the check in the record. No testimony was adduced connecting this "certified copy" with the defendant or to the missing brown envelope.
[2] The $1,300.00 was stolen during the nighttime from the uncle's bedroom. The uncle's opinion of his nephew's guilt was based in part upon the fact that he owned a bulldog that would not allow strangers on the premises; that defendant (nephew) was friendly with the dog; and that the defendant failed to report to work the next morning; that defendant was the only person that knew he kept a large sum of money on hand. Other witnesses testified as to the defendant's movements on the night of the theft and as to the defendant having a "roll of money".