344 So.2d 876 (1977)
George Alfred SANDERS, Appellant,
v.
STATE of Florida, Appellee.
Bobby Eugene JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-307, 76-308.
District Court of Appeal of Florida, Fourth District.
March 18, 1977.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, Tatjana Ostapoff, Asst. Public Defenders, West Palm Beach, and Larry Weaver, Legal Intern, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
WEAVER, SIDNEY M., Associate Judge.
Appellants filed this timely consolidated appeal from convictions of robbery and subsequent sentences. Two points of error are urged for our consideration: (1) the State failed to prove commission of a larceny in its prosecution for robbery and (2) the exclusion by the trial court of a statement made by one defendant to the other immediately prior to the alleged robbery.
We find merit to the appellants' first point and reverse, thus rendering the second point unnecessary for our determination.
The victim left a bar in the early morning hours with forty dollars in his wallet, located in a back pocket of his pants. Appellants, also inside the bar, chased him and when he stumbled and fell, helped him to his feet. After this incident the victim discovered his wallet and money to be missing. Witnesses testified to various versions of the incident. One witness indicated he "thought" the appellants went into the victim's pocket and threw something into a nearby canal which contained approximately five inches of water. Another witness stated that he saw the appellants pick the victim's pocket but later admitted he noticed only a downward motion of the hand. Still another witness stated the appellants made their motion toward the victim's front pocket. The victim testified he kept his wallet in his back pocket and that he did not remember anyone reaching into his pocket although he later amended his statement to indicate that the appellants searched his pockets. The appellants remained at the scene and a search, by the police, of the appellants and the canal failed to reveal the "missing" wallet and money.
After a careful review of the record and the arguments of counsel, we reach the conclusion that the element of "taking", or larceny, has not been proved by the State. By inference it may be said that the victim's wallet was present before the incident and missing after the incident and therefore taken by the appellants. But this is not sufficient as circumstantial evidence *877 must be so strong and convincing as to exclude every reasonable hypothesis except the defendants' guilt and must exclude any reasonable hypothesis of the defendants' innocence. Smith v. State, 276 So.2d 91 (Fla. 4th DCA 1973). The evidence in the instant case falls short of the mark as a matter of law.
REVERSED.
DAUKSCH and LETTS, JJ., concur.