MILLS, Judge.
Woods appeals his conviction for robbery without a weapon, Section 812.13, Florida Statutes (1981), contending that he was entitled to a judgment of acquittal. We disagree and affirm.
The evidence showed that Woods was driving his car in Pensacola along with his friend, John Robinson, on the night of 19 November 1981. At some point during the evening, they stopped at a Majik Market where Woods entered the store and purchased two cans of beer. Several minutes later, the two returned to the store, at which time Robinson entered the store and robbed the attendant at knife-point while Woods remained in the car. Woods and Robinson were arrested a short time later *70 after a police officer observed a man matching the description of Robinson getting into a car at another convenience store.
Robinson, who later pled guilty to the offense, testified at Woods’ trial and steadfastly maintained that Woods took no part in the robbery and did not even know it had occurred. Robinson testified that he put the money from the store in his pants and that he did not tell Woods what he had done when he returned to the car. However, other testimony revealed that the money from the robbery was found in the glove compartment of the car in which Woods and Robinson were riding.
It is well settled that “circumstantial evidence must be so strong and convincing as to exclude every reasonable hypothesis except the defendant’s guilt and must exclude any reasonable hypothesis of the defendant’s innocence.” Sanders v. State, 344 So.2d 876, 877 (Fla. 4th DCA 1977). However, the only question which must be answered here is whether the jury could reasonably conclude that the evidence excluded every reasonable hypothesis save that of guilt. Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978). Drawing every conclusion favorable to the State, as we must do in an appeal from a denial of a motion for judgment of acquittal, we cannot say that the jury acted unreasonably in convicting Woods.
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.