COWART, Judge,
concurring:
This case involves the sufficiency of circumstantial evidence.
Two ladies, Jaquish and Ganey, with a rented car and two wallets containing money, met appellant, a juvenile, at a party on Cocoa Beach, Florida. Ganey looked in appellant’s wallet and saw that he had only three dollars. Soon after midnight the two women agreed to give appellant a ride home to Wildwood. Appellant sat on the front seat near Jaquish’s pocketbook that contained the ladies’ two wallets. The group stopped on the side of the road and rested and slept for about four hours. At about 6:00 a.m. they stopped at a quick service restaurant in Orlando. Appellant gave Jaquish three dollars from his wallet with which to buy some drinks. Jaquish first went into the restaurant. Appellant later went into the restaurant. Ganey remained in the car asleep. Jaquish and appellant then returned to the car and the occupants slept some more. About 8:30 a.m. appellant awoke Jaquish and told her he had called home, someone there had suffered a heart attack and that he had called a taxi to take him to Wildwood. After appellant left in a taxi the two women discovered their wallets and money were missing.
Appellant was charged with, and convicted of, delinquency as a result of grand theft of the two wallets. We affirm his conviction.
Appellant argues that the trial court erred in finding guilt because this is a circumstantial evidence case and, even if the facts be viewed as creating a strong probability of guilt, the state’s case was not inconsistent with the reasonable possibility (hypothesis) that someone other than appellant took the two wallets. Appellant cites Jaramillo v. State, 417 So.2d 257 *602 (Fla.1982); McArthur v. State, 351 So.2d 972 (Fla.1977); Jenkins v. State, 342 So.2d 1097 (Fla. 1st DCA 1977); Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958); and other cases. Cf Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984); Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983); Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980).