PER CURIAM.
Paul Broner appeals his conviction for grand theft.[1] We reverse.
*746 Broner, a nephew of the alleged victim, obtained access to her home by asking to use the telephone. The aunt thereafter went upstairs for approximately ten minutes. When she returned Broner was gone, the rear door of the residence was unlocked, and a videocassette recorder was missing. A witness saw Broner leave the residence through the rear door, but with nothing in his hands. The VCR was never recovered.
We find that these undisputed facts are, as a matter of law, insufficient to establish that Broner committed the theft. Cf. Jenkins v. State, 342 So.2d 1097 (Fla. 1st DCA 1977). Accordingly the trial court erred in denying Broner’s motion to dismiss.[2]
Reversed and remanded with directions to discharge the appellant.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.

. § 812.014(2)(b), Fla.Stat. (1985).

. This case was disposed of below via Florida Rule of Criminal Procedure 3.190(c)(4).