569 So.2d 1376 (1990)
Doril R. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02915.
District Court of Appeal of Florida, Second District.
November 21, 1990.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Doril R. Williams, was convicted of possession of cocaine with intent to sell, possession of cannabis and possession of drug paraphernalia. He challenges his conviction for possession of cocaine with intent to sell on the ground that the *1377 state presented insufficient evidence of his intent to sell. He also asks this court to vacate the court costs assessed and to remand for resentencing with a scoresheet. We vacate his conviction for possession of cocaine with intent to sell, strike the costs assessed and remand for resentencing.
On April 27, 1989, a search team, armed with a warrant, searched appellant's apartment. They found a matchbox containing ten pieces of cocaine on top of the bathroom cabinet. They also found marijuana rolling papers and razor blades on top of a built-in vanity in a bedroom, and a gun and a package of shells in another bedroom.
Appellant was convicted by a jury and was sentenced to twenty-two months in prison on the cocaine charge and to thirty days county jail with credit for time served on the other counts. The court imposed costs of $237, reduced to a judgment lien.
Appellant maintains that there was insufficient evidence of his intent to sell. Since there was no direct evidence, the question of appellant's intent had to be inferred from circumstantial evidence. In order to convict on circumstantial evidence, however, the jury must find that the circumstantial evidence is inconsistent with any reasonable hypothesis of innocence, here, that appellant possessed the cocaine for personal use. State v. Law, 559 So.2d 187, 188 (Fla. 1989). On appeal, we will not reverse a jury's determination of that issue unless we find that the verdict is not supported by competent, substantial evidence. Id.
The state here attempted to prove appellant's intent to sell with the circumstantial evidence that appellant possessed ten pieces of cocaine, marijuana rolling papers, razor blades, $72 and a weapon. We agree with appellant that this evidence does not constitute substantial, competent evidence to support the jury verdict and, accordingly, reverse.
The small quantity of cocaine, ten pieces, is not indicative of an intent to sell, but points rather to possession for personal use. See McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989). There was no proof as to value. The presence of cannabis and rolling papers does not show an intent to sell cocaine, and the presence of razor blades is as consistent with personal use as it is with sale. Similarly, the presence of a small amount of cash in one bedroom and a firearm in another bedroom is not inconsistent with appellant's theory that he possessed the cocaine for personal use, and not for sale. We find that the presence of these items in appellant's apartment is not inconsistent with appellant's theory that the cocaine was for personal use, and conclude that the state raised only a mere suspicion of intent to sell.
Since the state did not present substantial, competent evidence to support the jury verdict, we reverse and remand with directions to vacate the conviction and sentence for possession of cocaine with intent to sell, to substitute a conviction for possession of cocaine and to sentence appellant on the lesser charge.
Appellant also raises the absence of a scoresheet. Since we remand for resentencing on appellant's first issue, we decline to address this issue as moot.
Finally, we order stricken the imposition of court costs without prejudice to the state to seek reimposition after resentencing and proper notice and opportunity to be heard.
HALL and PARKER, JJ., concur.