PATTERSON, Judge.
The appellant challenges the order which finds him to be a delinquent child. He argues that the evidence was insufficient to support the trial court’s finding that he committed grand theft. We agree and reverse.
The state filed a petition charging the appellant with third-degree grand theft on July 27 and 28, 1992. At trial, Hanloda O’Dell testified that in November 1992 she noticed a few objects missing from her jewelry box. She remembered last seeing them in June of that year. The three pieces of jewelry, a man’s ring with a stone in it, a gold necklace, and a charm, were worth approximately $2,500. Ms. O’Dell stated that the appellant, who was her son’s friend, had been at her house “during the fall of 1992.” Her son, Brian Stewart, testified that he had shown the jewelry to the appellant, but he was not sure of the date or time.
Ryan Nawrocki testified that he had seen the appellant with some jewelry and that the appellant told him that he had found it in a .garbage can or trash compactor. Nawrocki could not say specifically when he had seen the jewelry in the appellant’s possession. Ms. O’Dell had described the missing jewelry to him and the description matched the jewelry the appellant had found.
The appellant’s mother testified that she had sent the appellant to take some garbage to the apartment complex’s dumpster and he came back about five minutes later with some jewelry he claimed to have found by the dumpster. The appellant kept the jewelry for a couple of weeks and attempted to ascertain its owner. When no one claimed it, the appellant’s father decided to pawn it. The appellant also testified that he found the jewelry near a garbage dumpster in July 1992 and that he did not take the jewelry from his friend’s house.
Detective Lebraun Reddick interviewed the appellant on November 12, 1992. The appellant told him he had found the jewelry on the ground near a garbage dumpster. He gave the jewelry to his father, who pawned it at two different pawn shops in Tampa on July 27 and 28, 1992. The jewelry was no longer at the pawn shops by the time of the investigation.
The appellant correctly argues that the circumstantial evidence presented by the state was insufficient to prove the date of the offense or to disprove every reasonable hypothesis of innocence. The record is devoid of any evidence that the appellant removed the property from the home or that the jewelry he possessed was Ms. O’Dell’s missing jewelry. The testimony that the appellant found jewelry on the ground near his home went unrebutted. The fact that the appellant was in his friend Brian’s home at some time in the five months before the jewelry was discovered missing is insufficient to link him to the offense.
When a conviction is based purely on circumstantial evidence such evidence must be conclusive “and it must be consistent with guilt and inconsistent with innocence, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged.” Pacetti v. State, 157 So.2d 445, 448 (Fla.2d DCA1963). The question of whether the evidence excludes all reasonable hypothesis of innocence is for the fact finder; however, such a verdict must be supported by substantial competent evidence. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
The state claims that the appellant failed to preserve this issue for appeal since the defense’s “perfunctory motion for judgment of acquittal” failed to state with any specificity the grounds for the motion. When the state rested its ease, defense counsel stated, “Make a motion for judgment of acquittal at this time. I don’t believe the state established a prima facie case of grand theft against this child.” Although this objection is weak, it is enough to preserve a sufficiency of the evidence objection. In Jaggers v. State, 536 So.2d 321 (Fla.2d DCA 1988), this court held that the defendant’s *132 motion “based upon the state’s failure to ‘prove a prima facie case’ of capital sexual battery” was specific enough, in the context of the record, to preserve the issue for appeal. 536 So.2d at 323.
Accordingly, we reverse the appellant’s adjudication of delinquency.
RYDER, A.C.J., concurs.
PARKER, J., dissents with opinion.