PER CURIAM.
S.R.W. appeals his adjudication of delinquency for petit theft. S.R.W. contends that the purely circumstantial evidence is insufficient to support a finding of guilt. We agree and reverse.
The testimony of witness J.L.D. constitutes the sole evidence presented by the State. J.L.D. testified that she went to her friend S.R.W.’s house before school to walk to the bus stop with him. She put her pager on the table while she went to the bathroom for a period of five minutes. When she returned, the pager was gone. S.R.W. helped J.L.D. look for it, but they could not find it. J.L.D. had not seen anyone else come into the house, and assumed that S.R.W. had stolen the pager. The pager was never found, either in S.R.W.’s possession or elsewhere. The trial court found S.R.W. guilty.
“When a conviction is based purely on circumstantial evidence such evidence must be conclusive ‘and it must be consistent with guilt and inconsistent with innocence, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged.’ ” R.S. v. State, 639 So.2d 130, 131 (Fla. 2d DCA 1994). The question of whether the evidence excludes all reasonable hypotheses of innocence is for the fact finder; however, such a verdict must be supported by substantial competent evidence. See id., citing Heiney v. State, 447 So.2d 210 (Fla.1984).
Although the evidence showed that S.R.W. had the opportunity to steal the pager, no direct evidence connected S.R.W. to it. J.L.D. testified that she did not know whether anybody else had entered the house while she was in the bathroom. On this record, we cannot rule out the possibility that someone other than S.R.W. took the pager. See Jenkins v. State, 342 So.2d 1097 (Fla. 1st DCA 1977).
*1141 Accordingly, we reverse the adjudication of delinquency and remand with directions that S.R.W. be discharged.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and FULMER and NORTHCUTT, JJ., Concur.