FARMER, J.
This juvenile was charged with grand theft and burglary of a structure. The facts proved at trial showed that two officers were dispatched to an apartment complex where a security guard led them to the fenced-in pool area. There they saw two individuals and watched as one attempted to gain entrance to a rest room, while the other was attempting to do something with a golf cart already lying on its side. Neither officer saw the person actually place the cart on its side, and neither could say exactly what was being done to the cart, other than that the person was “tinkering” with it.
As the officers approached the two persons, they began to flee. Each of the officers apprehended one of the persons, and they placed them both in custody. Returning to the pool area fence, the officers found a hole cut into the fence with *996 wire cutters lying immediately below on the ground. The officer who inspected the cart could find nothing wrong with it, and they could not say that anything was actually taken from the complex. Their testimony merely identified defendant as one of the two individuals apprehended on the night in question.
Defendant moved for a judgment of acquittal. Contrary to the state’s argument on appeal, the motion was sufficient. It specifically contended that the state had failed to prove a prima facie case. The motion was so phrased as to adequately raise the issue whether the state had offered evidence on each and every element of the crime charged. See R.S. v. State, 639 So.2d 130, 131 (Fla. 2d DCA 1994) (holding that “I don’t believe the state established a prima facie case of grand theft against this child” was sufficient to raise issue).
We find the state’s evidence insufficient to prove the crime of grand theft. The testimony was clear that the officers could find no evidence of anything missing. There was no evidence of any value. Nor did the testimony identify defendant as the person who was tinkering with the cart. The cart was already on its side when the witnesses came on the event, and no one said anything about either person attempting to take it away.
As there was sufficient evidence of breaking and entering, and the security guard testified as to ownership of the premises and the lack of consent for defendant to be there, we affirm the burglary conviction.
TAYLOR, J., concurs.
KLEIN, J., concurs specially with opinion.