973 So.2d 638 (2008)
Richard Allen WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3027.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
*639 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In his appeal from his convictions for attempted murder and robbery with a weapon, appellant claims that the charging document was fundamentally flawed, as the state charged him with attempted felony murder, which is not a crime. He did not object to the information, however, which also charged him with attempted first-degree murder. As the case was actually tried on that charge, we conclude that the fundamental error doctrine does not apply and affirm his conviction for attempted murder. He also contends that the court should have granted a judgment of acquittal as to the robbery charge. We reverse the robbery conviction, as the evidence was insufficient to sustain the conviction.
The victim, Glen Moore, left a bar in the early morning hours and was accosted in the parking lot of the bar. Someone in a *640 group of people grabbed an aluminum bat and began beating Moore. He begged them to stop, telling them to take his wallet which contained $17.00. The beating continued, and he was dragged along the ground and thrown into the trunk of a car. When the car stopped, three or four people pulled him out of the trunk, dragged him along the ground, and one kicked him in the face. At this point, his assailants left. Moore next remembers calling for help and trying to crawl. Someone approached and pointed a flashlight in his face. He realized it was a police officer. Crime scene investigators secured the scene. Moore's wallet could not be located.
The police observed appellant White walking his dog close to the scene. One of the officers engaged White in conversation and noticed blood on him. Because White had an outstanding warrant, the police arrested him. Blood tests on White's clothing revealed a match for Moore's blood. He was then charged in connection with the assault on Moore.
With respect to the attempted murder charge, the information alleged that:
RICHARD ALLEN WHITE . . . did unlawfully attempt to commit murder in the first degree in that Richard Allen White, while engaged in the perpetration of or the attempted perpetration of the crime of Robbery, did cause great bodily harm to Glen Moore, a human being, by intentionally kicking and striking him repeatedly which could have caused the death of the said Glen Moore, contrary to F.S. 782.04(1)(a), F.S. 777.011, F.S. 777.04(1) and F.S. 812.13(2)(c).
Section 782.04(1)(a), Florida Statutes, defines murder in the first degree as the "unlawful killing of a human being: 1. When perpetrated from a premeditated design to effect the death of the person killed or any human being" or "2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate" a robbery. Section 777.04(1), Florida Statutes, provides, "A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt. . . ." Section 812.13(2)(c) provides the elements of the crime of robbery.
White never objected to the information, and, without objection, the court instructed the jury on the definition of attempted first-degree premeditated murder, pursuant to 782.04(1)(a) and 777.04, on count I and robbery with a weapon on count II. The jury found White guilty as charged in both counts. White appeals his conviction and sentences.
White argues for the first time on appeal that he was charged with and convicted of the non-existent crime of attempted felony murder in count I. Alternatively, because the state did not effectively charge White with attempted felony murder, White's due process rights were violated.
A defendant can challenge the validity of a charging document for the first time on appeal in certain circumstances. In Moore v. State, 924 So.2d 840, 841 (Fla. 4th DCA 2006), we held, "A conviction for a non-existent crime is fundamental error that can be raised at any time. . . ." In addition, "a conviction on a charge not made by the indictment or information," even if valid under Florida law, "is a denial of due process of law" and "is a defect that can be raised at any time-before trial, after trial, on appeal, or by habeas corpus." State v. Gray, 435 So.2d 816, 818 (Fla.1983). This holding is reiterated by Florida Rule of Criminal Procedure 3.610(a) which permits the court to grant a motion in arrest of judgment when "[t]he indictment or information on which the defendant was tried is so defective that *641 it will not support a judgment of conviction." "The reason for this provision is to discourage defendants from waiting until after a trial is over before contesting deficiencies in charging documents which could have easily been corrected if they had been pointed out before trial." DuBoise v. State, 520 So.2d 260, 264 (Fla. 1988).
White argues that the information charged him with attempted felony murder, which is not a crime. See State v. Gray, 654 So.2d 552 (Fla.1995). However, the holding in Gray was superseded by section 782.051, Florida Statutes, which makes "attempted felony murder" a crime. Assuming White's interpretation of the information is accurate, namely that the information charged White with attempted felony murder, he was not charged with a non-existent crime in light of section 782.051.
White also claims that the defective information violated his due process rights, because he was convicted of a crime not charged in the information. Although conviction of a crime not charged in the information may be a denial of due process and fundamental error,
the failure to include an essential element of a crime does not necessarily render an indictment so defective that it will not support a judgment of conviction when the indictment references a specific section of the" criminal code which sufficiently details all the elements of the offense.
Fulcher v. State, 766 So.2d 243, 244-45 (Fla. 4th DCA 2000). The information charging White included the statutes which set forth the crimes of both attempted premeditated murder and attempted felony murder. Because the information in this case "references a specific section of the criminal code," namely, sections 782.04(1)(a) and 777.04(1), "which sufficiently detail[ ] all the elements of the offense," the state provided White with sufficient notice to prepare his defense. Fulcher, 766 So.2d at 244-45.
Finally, any defect in the information did not prevent White from a defense at trial. Both the prosecution and the defense tried the case as an attempted premeditated murder case, and the court instructed the jury on attempted premeditated murder. We conclude that no fundamental error occurred and affirm his conviction for attempted murder.
As to the conviction for robbery, we conclude that the evidence was insufficient to support the conviction. In the information, White was charged with violating section 812.13(1), (2)(b), Florida Statutes (2004), which provides:
"Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
. . .
If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
On appeal, this court's concern is "whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment." Sigler v. State, 805 So.2d 32, 34 (Fla. 4th DCA, 2001) (quoting Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). In addition, the "appellate court undertakes a de novo review of the sufficiency of the evidence to support the verdict." Id.
The state presented circumstantial, rather than direct, evidence that a robbery *642 occurred. The victim testified that he possessed a wallet containing $17.00 before the incident, and an officer testified that the victim did not have a wallet when discovered. Arguing that this evidence was insufficient to support a robbery charge, White moved for a judgment of acquittal; however, the court denied this motion.
"When the evidence against a criminally accused person is circumstantial, a motion for judgment of acquittal should be granted if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Brothers v. State, 853 So.2d 1124, 1125 (Fla. 5th DCA 2003). See also Sanders v. State, 344 So.2d 876, 876-77 (Fla. 4th DCA 1977) ("circumstantial evidence must be so strong and convincing as to exclude every reasonable hypothesis except the defendants' guilt and must exclude any reasonable hypothesis of the defendants' innocence"). However, the evidence must be viewed in the light most favorable to the state. Bryant v. State, 789 So.2d 1042, 1043 (Fla. 4th DCA 2001).
The state asserts that the facts in this case are the same as those in Ferguson v. State, 417 So.2d 631 (Fla.1982), superseded by statute on other grounds as stated in Merck v. State, 763 So.2d 295 (Fla.2000), wherein the court upheld the robbery charge. Ferguson was found guilty of two counts of first-degree murder, one count of robbery, and several other crimes. One victim, Brian Glenfeld, was discovered behind the wheel of his car and the other, Belinda Worley, was discovered in a wooded area nearby. Glenfeld's father testified that when the two left the house earlier that evening, he saw that Belinda was wearing two rings, a gold bracelet, and a pair of earrings and that Brian had a wallet containing some cash. Belinda was no longer wearing any of this jewelry when found and her earlobe was torn, presumably when the earring was taken. In addition, Brian's wallet was found empty in Belinda's purse a few feet, from her body.
The court denied defendant's motion for judgment of acquittal and the jury found him guilty on both counts. The defendant argued that because the bodies were left in a wooded area overnight, a passerby could have taken the jewelry and money. On appeal, the supreme court applied the following principal: "In circumstantial evidence cases the evidence must not only be consistent with guilt but also be inconsistent with any reasonable hypothesis of innocence." Id. at 635. Applying this rule to the facts, the court held, "We agree with the state that this is not a reasonable hypothesis of innocence: there was evidence that the jewelry was taken with some degree of violence; it rained very hard that night; and the bodies were found just a few hours after sunrise." Id.
White, on the other hand, argues that the underlying facts are similar to those in Sanders v. State, 344 So.2d 876 (Fla. 4th DCA 1977). In Sanders, the victim exited a bar with a wallet containing forty dollars in his back pocket. The defendants walked behind him and helped him to his feet when he stumbled. Subsequently, the victim discovered his wallet was missing. Several witnesses provided conflicting testimony regarding the incident. One saw the defendants take something from the victim's pocket and throw it in a canal, another thought he saw the defendants pick the victim's pocket but later said all he saw was a downward movement of one defendant's hand, another saw the defendants take something from the victim's front pocket. The victim first said no one reached into his pocket but later said his pockets were searched by the defendants. The police searched the defendants and a nearby canal but failed to find the victim's *643 missing wallet or money. Although the state presented evidence that the victim's wallet was present before the incident and missing after, therefore raising the inference that it was taken by the defendant, we held that the evidence was still insufficient to exclude every reasonable hypothesis except that of guilt. Id. at 876-77.
We believe that this case is more like Sanders than Ferguson. The state's evidence that a robbery occurred consisted of Moore's testimony that he had his wallet on him before the attack, and an officer's testimony that the wallet was missing when he first found Moore. Moore's memory of the day in question is vague, in part because he drank heavily and in part be cause of the extent of his injuries. He testified that when attacked, he had his wallet and believed it contained seventeen dollars. Like Sanders, the police' in this case never discovered Moore's empty wallet. Unlike Sanders, where the state presented several witnesses who testified to observing the defendants take something from the victim's pocket, the state could not present any witnesses and could merely assert that Moore had his wallet before the incident and did not have it afterwards. It is equally plausible, assuming Moore had the wallet when he was attacked, that it fell out of his pocket as he was being dragged by White and the other attackers. There is simply no legally sufficient evidence to show that White took the wallet. We thus reverse his conviction for robbery with a weapon.
Affirmed in part, reversed in part, and remanded to vacate the conviction for robbery with a weapon.
FARMER, J., and CONNER, BURTON C., Associate Judge, concur.