974 So.2d 629 (2008)
Jamie VALENTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1785.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant. Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted for possession of cocaine with intent to sell within one thousand feet of a publicly owned park in violation of section 893.13(1)(c), Florida Statutes (2006). He appeals, claiming that the court erred in denying his motion for judgment of acquittal, because the state failed to prove that his possession of cocaine was with an intent to sell. We reverse, concluding that the state's evidence failed to prove an intent to sell.
Sergeant Curry of the Martin County Sheriffs Department testified that he was patrolling the area surrounding Lamar Howard Park, a public park. As he patrolled the park, he observed Valentin walk towards some bushes, drop a white object into the bushes, and proceed to the park playground. Sergeant Curry retrieved the objecta clear ziplock in which several smaller bags were present, each containing a white powdery substance. There were seventeen smaller bags in the larger bag. Suspecting drugs, Sergeant Curry arrested Valentin. The substance in the bags tested positive for cocaine.
At trial, Sergeant Curry testified to his extensive experience with street level drug sales. He explained that based on his *630 education, training, and experience regarding the manner in which cocaine is packaged for sale on the streets, the drugs found in the bushes were packaged for sale to consumers. He estimated that the amount of drugs found would sell for approximately $340 total. When asked on cross-examination whether the quantity and packaging were consistent with personal use, Sergeant Curry admitted, "It's possible, yes."
After the close of the state's case, defense counsel moved for a judgment of acquittal, contending that the state had failed to present any evidence of an intent to sell. The trial court denied the motion. Valentin testified and denied that he was the individual Sergeant Curry saw. The jury, however, convicted Valentin of possession with intent to sell within one thousand feet of a park. The court adjudicated and sentenced Valentin, and he appeals. We find that the issue was properly preserved by the defense motion at trial. We review the sufficiency of the evidence to support the verdict de novo. Sigler v. State, 805 So.2d 32, 34 (Fla. 4th DCA 2001).
The sole evidence presented by the state consisted of Sergeant Curry's testimony that he saw Valentin drop the baggie, containing seventeen smaller baggies of cocaine, in a bush. He did not see Valentin talk to anyone or do anything to suggest an intent to sell in the park. Not only was the evidence insufficient to show an intent to sell generally, nothing would show that Valentin had an intent to sell within the park as required by the statute. § 893.13(1)(c), Fla. Stat. ("[I]t is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell . . . a controlled substance . . . in, on, or within 1,000 feet of real property comprising a state, county, or municipal park, a community center, or a publicly owned recreational facility.") (emphasis supplied).
The quantity or packaging of drugs found in a defendant's possession may indicate an intent to sell. See Lesane v. State, 895 So.2d 1231 (Fla. 4th DCA 2005); Sampson v. State, 863 So.2d 404 (Fla. 4th DCA 2003); Glenn v. State, 824 So.2d 1046 (Fla. 4th DCA 2002); McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989). In McCullough, this court discussed the "type of circumstantial proof [ ] necessary to prove intent to sell." 541 So.2d at 721. For example, "the amount and quantity of drugs possessed by an individual may be circumstantial evidence of his intent to sell where such amount is inconsistent with personal use . . ." Id. (emphasis supplied). There, the defendant was arrested in possession of fifteen cocaine rocks, which the testimony showed could be used by one person within one day. Therefore, the quantity of drugs did not show possession of drugs with intent to sell.
Discovering individually packaged narcotics does not automatically establish intent to sell. In Jackson v. State, when the defendant was arrested for fleeing a traffic stop, the police officer who conducted a pat down discovered $400 and cocaine which "weighed five grams and was packaged in six ring baggies contained within a larger baggie." 818 So.2d 539, 541 (Fla. 2d DCA 2002). The court held that the "quantity, even as packaged, was not so large as to imply an intent to sell without other evidence," as it "was equally plausible that Jackson had purchased the six baggies of cocaine for his personal use." Id.See also Nelson v. State, 707 So.2d 405, 406 (Fla. 5th DCA 1998) (six packages which each contained a piece of cocaine did not establish intent to sell); D.R.C. v. State, 670 So.2d 1183 (Fla. 5th DCA 1996) (evidence that officers observed the accused discard twenty-three separate, unwrapped *631 rocks of cocaine was insufficient to prove possession with intent to sell); Williams v. State, 569 So.2d 1376, 1377 (Fla. 2d DCA 1990) (evidence consisting of ten pieces of cocaine, marijuana rolling paper, $72, and a weapon was not sufficient to prove intent to sell); C.L.L. v. State, 566 So.2d 878 (Fla. 3d DCA 1990) (evidence of ten pieces of cocaine in plastic baggies was insufficient to show intent to sell).
In this case, Valentin possessed seventeen individual baggies with 8.3 grams of cocaine in them, which included the weight of the baggies. Although Sergeant Curry testified that this was consistent with an intent to sell, he also admitted that it could be for personal use. See D.R.C., 670 So.2d at 1185 ("Since the testimony of the officer was consistent with D.R.C. being a user as well as a seller, the circumstances relied upon did not lead to the one conclusion that D.R.C. was guilty of possession with intent to sell cocaine."). See also C.L.L., 566 So.2d at 878 (finding no intent to sell because the "officer did not testify that the quantity and packaging were indicative of an intent to sell, as opposed to holding the contraband for personal use"). Sergeant Curry did not find any money or drug paraphernalia on Valentin, and there are no other facts which would suggest an intent to sell.
The state presented circumstantial evidence as consistent with personal possession as with an intent to sell. It presented no evidence showing an intent to sell within the park. Therefore, the court erred in denying the motion for judgment of acquittal.
We reverse and remand with directions to enter judgment for simple possession of cocaine, pursuant to section 924.34, Florida Statutes (2006).[1]
FARMER and GROSS, JJ., concur.
NOTES
[1] "When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense." § 924.34, Fla. Stat.