GROSS, C.J.
 

 Thomas Alleyne was convicted of possession of marijuana with intent to sell within 1,000 feet of a school.
 
 [1]
 
 Because there was insufficient circumstantial evidence of his intent to sell, we reverse the conviction and remand for entry of a judgment of conviction for possession of less than 20 grams of marijuana.
 

 At 9:15 a.m., a number of police cars pulled up to a convenience store.
 
 [2]
 
 Alleyne started to run away. A police car pulled in front of Alleyne and an officer tasered him. As he stopped, a brown bag flew out of his hand and landed on the police car. Inside the bag were 18 individual plastic Ziploc bags containing marijuana and a rolled up $20 bill. The total weight of all the marijuana was less than 20 grams. The officer found $36 in Alleyne’s pocket. The state offered no testimony as to Alleyne’s conduct outside of the store before the police arrived.
 

 Much of the state’s case focused on the arresting officers’ opinions. One officer testified that the Ziploc bags were “dime” bags of marijuana that sold for $10 each and that the amount was “not a personal use amount.” When questioned, the officer agreed that it could take two baggies to roll one “joint” and that for a person to smoke four joints a day was “[cjertainly not” impossible.
 

 A second officer emphatically stated, “The amount that Mr. Alleyne had on his person was not for personal use, it was for drug dealing.” This officer opined that the marijuana could not possibly have been for personal use, “Not the way it was packaged, not the way he was standing, and not the way the incident took place.” The officer rendered this opinion even though he never saw Alleyne engaged in selling marijuana and had no personal knowledge that he had ever done so. He had “no idea” if Alleyne could have purchased the drug packaged the way it was found in the bag.
 

 Alleyne testified that he had gone into the store and scratched off a lottery ticket. When he came out, he saw police coming toward him and moved away. He said he was carrying marijuana he had purchased in little bags for his personal use. He had not purchased a larger amount and put it in the bags. He smoked marijuana a lot, and the 18 bags would last him about a day and a half. The money in the bag with the marijuana, about $20, was the change from purchasing his scratch off ticket. He had money because he was working.
 

 On cross examination, Alleyne said he had a little money in his pockets. He bought the marijuana about half an hour earlier that morning. He paid $90, even though he made less than $50 a day working.
 

 The trial court erred when it denied Alleyne’s motion for judgment of acquittal at the end of the state’s case, because the evidence of his intent to sell was circum
 
 *950
 
 stantial and the evidence did not exclude his reasonable hypothesis of innocence— that he possessed the marijuana only for personal use.
 

 Where proof of an element of a crime is based wholly on circumstantial evidence, a special standard of review applies.
 
 See State v. Law,
 
 559 So.2d 187, 188 (Fla.1989). “A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.”
 
 Id.
 
 As the supreme court has written,
 

 [i]t is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
 

 Id.
 
 at 189 (emphasis removed) (footnote omitted) (citations omitted);
 
 see also White v. State,
 
 973 So.2d 638, 642 (Fla. 4th DCA 2008) (quoting
 
 Sanders v. State,
 
 344 So.2d 876, 876-77 (Fla. 4th DCA 1977) (“circumstantial evidence must be so strong and convincing as to exclude every reasonable hypothesis except the defendants’ guilt and must exclude any reasonable hypothesis of the defendants’ innocence”)). Evidence which furnishes nothing more than a suspicion that the defendant committed the crime is not sufficient to uphold a conviction.
 
 See Davis v. State,
 
 436 So.2d 196, 198 (Fla. 4th DCA 1983).
 

 This case is controlled by
 
 Valentin v. State,
 
 974 So.2d 629 (Fla. 4th DCA 2008), a case where the defendant was charged with possession of cocaine with intent to sell within 1,000 feet of a publicly owned park. The sole evidence against the defendant was an officer’s
 

 testimony that he saw Valentin drop the baggie, containing seventeen smaller baggies of cocaine, in a bush. He did not see Valentin talk to anyone or do anything to suggest an intent to sell in the park.
 

 Id.
 
 at 630. We observed that this evidence was “insufficient to show an intent to sell generally.”
 
 Id.
 
 We reversed with direction to enter judgment of conviction for simple possession of cocaine. We reasoned that the defendant’s possession of 17 individual baggies with a total of 8.3 grams of cocaine in them was consistent with both an intent to sell and with personal use.
 
 Id.
 
 at 631. We noted that the police did not find any money or drug paraphernalia on the defendant and there were “no other facts which would suggest an intent to sell.”
 
 Id.
 
 The packaging and weight of the drugs in this case is similar to that in
 
 Valentin,
 
 giving rise to similar conclusions about Alleyne’s intent.
 

 The state attempts to distinguish
 
 Valentin
 
 in two ways. First, there was no money found on Valentin, while Alleyne had $36 in his pocket and another $20 found in the paper bag with the marijuana. However, neither the amount of money found, nor the denominations of it were inconsistent with personal use.
 
 See Williams v. State,
 
 569 So.2d 1376, 1377 (Fla. 2d DCA 1990) (holding that evidence consisting of 10 pieces of cocaine, marijuana rolling paper, $72, and a weapon was not sufficient to prove intent to sell). Second, while the
 
 *951
 
 arresting officer in
 
 Valentin
 
 admitted the possibility that the recovered drugs could have been for personal use, one officer in this case was adamant in his opinion that Alleyne’s intent was to sell the drugs he possessed. Other than the manner in which the drugs were packaged, no other fact supported this conclusion. The officer’s opinion was unsupported by facts that would give it credence; Alleyne did nothing outside the convenience store before the police pulled up which indicated he was selling drugs. Neither the total amount of marijuana nor the amount of cash recovered was inconsistent with personal use. His flight from the police was as consistent with possession of illegal drugs as it was with the intent to sell them.
 

 For these reasons, we reverse Alleyne’s conviction for possession of marijuana with intent to sell and remand for entry of a judgment of conviction of possession of marijuana under 20 grams.
 

 WARNER and CIKLIN, JJ., concur.
 

 [1]
 

 . The jury acquitted Alleyne of a cocaine charge.
 

 [2]
 

 . The store was located 326 feet from a school.