NORTHCUTT, Judge.
Rashad S. Lee appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, raising two claims for relief. We affirm without comment as to ground two but reverse and remand as to ground one.
In 2008, Lee pleaded nolo contendere to possession of cocaine with intent to sell within one thousand feet of a place of *601 worship and was sentenced to five years in prison. He also pleaded guilty to possession of paraphernalia and received time served. Lee argues that his counsel was ineffective for allowing him to enter into a plea agreement without advising him that the evidence was insufficient to sustain the conviction in regard to his intent to sell. He maintains that the mere fact that he possessed four baggies of cocaine weighing a total of approximately 1.5 grams, as recited in the police report, could not establish his intent to sell without additional evidence. Lee avers that but for counsel’s deficient performance, he would have gone to trial and would have been found not guilty of possession with intent to sell.
 In denying the claim, the post-conviction court found that possession of multiple baggies of cocaine is consistent with street level sales. The court relied upon the probable cause affidavit and attached a copy of the arrest report. However, the Fourth District, examining similar facts in a probable cause affidavit, held that they were insufficient to support a conviction for possession with intent to sell in Valentin v. State, 974 So.2d 629, 630 (Fla. 4th DCA 2008). The Fourth District held that “[discovering individually packaged narcotics does not automatically establish intent to sell.” Id. The packaging or quantity of drugs found in the defendant’s possession “may be circumstantial evidence of an intent to sell it, but only if [they are] inconsistent with personal use.” Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002). In this case, although the arresting officer reported that the cocaine was “carried in a manner consistent with street level sales,” nothing else in the report indicates that the cocaine was intended for sale and not for Lee’s personal use.
To prevail on a claim of ineffective assistance, Lee must allege sufficient facts establishing both deficient performance of counsel and prejudice. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a plea for failure to advise of a potential defense, the prejudice prong of Strickland is met by “demonstrating a reasonable probability that, but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial.” Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.2004). “The merits of any defense ... is relevant to the credibility of the defendant’s assertion that he would have insisted on going to trial.” Id. at 1181; see also Munroe v. State, 28 So.3d 973, 976 (Fla. 2d DCA 2010) (“Munroe’s claim of prejudice — that he would have proceeded to trial — is credible if he can demonstrate that the defense was viable.”).
The limited record attached to the order denying relief does not refute Lee’s allegation that he would not have pleaded guilty had his counsel advised him of this potential defense. Therefore, we reverse and remand for the postconviction court to either attach portions of the record conclusively refuting ground one or conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
WHATLEY and LAROSE, JJ., Concur.