DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TREVORIS FINLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0591

[February 25, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin Samuel Fein, Judge; L.T. Case No. 062018CF006512A88810.

David J. Joffe of Joffe Law P.A., Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant and three co-defendants were charged below with multiple robberies, murders, and conspiracy. The defendant now appeals his convictions and sentences. He raises six points; namely, (1) three evidentiary issues, and (2) the trial court's denial of his motions for mistrial, judgment of acquittal, and for a new trial. We find no merit in the issues raised and affirm. We write to discuss the sufficiency of the evidence on the murder counts.

The State charged the defendant in connection with six robberies over two days. During two of those robberies, victims were killed. While each defendant was charged with certain crimes, all four were charged with conspiracy to commit the crimes.

The defendant first argues the evidence failed to support his convictions for first and second-degree murder. He claims the convictions were supported only by circumstantial evidence. He suggests the evidence did not support that he was either there when the crimes were committed or that he was the shooter. Specifically, he argues that one witness changed

his testimony from the statement given to law enforcement, and nothing tied him "to the guns themselves." Lastly, the defendant suggests the State failed to prove the element of conscious purpose to kill.

The State responds that competent, substantial evidence supports both murder convictions. The State argues that the two murders occurring on the same day within proximity to each other, coupled with the defendant's identification at one of them, support his participation in the murders. The State further responds that firearm evidence tied the defendant to the firearm and the murders.

We have de novo review to determine whether sufficient evidence supports the verdict. *See Brown v. State*, 85 So. 3d 1160, 1162–63 (Fla. 4th DCA 2012) (citing *Valentin v. State*, 974 So. 2d 629, 630 (Fla. 4th DCA 2008)).

Generally, "[i]t is incumbent upon the state to introduce competent evidence of each element of the offense charged." *Cox v. State*, 764 So. 2d 711, 712 (Fla. 1st DCA 2000). Additionally, "[t]he test for the legal sufficiency of the evidence is simply whether the State presented competent, substantial evidence to support the verdict." *Alford v. State*, 413 So. 3d 132, 139 (Fla. 4th DCA 2025) (quoting *Bush v. State*, 295 So. 3d 179, 200 (Fla. 2020)) (citation modified). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Alford*, 413 So. 3d at 139 (quoting *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002)) (citation modified).

Finally, a "defendant's use of a firearm during a crime can be established even if the gun is not recovered and introduced into evidence. Circumstantial evidence can be sufficient to establish the use of a firearm." *Alford*, 413 So. 3d at 139–140 (quoting *Mitchell v. State*, 698 So. 2d 555, 558 (Fla. 2d DCA 1997)) (citation modified).

Here, competent, substantial evidence supported the defendant's convictions for first and second-degree murder. First, eyewitness testimony of two victims placed the defendant at two of the robbery scenes. Another victim testified that a perpetrator dropped something as he grabbed his firearm, and the defendant's identification card was found at the location. The rapid succession and similar nature of the robberies also support the defendant's participation in the other robberies, including those where homicides occurred.

A shell casing at the scene of one murder was determined to have been fired from a .40 caliber Glock pistol found in a handbag in a Jeep the police alleged was used in some of the robberies. The handbag was tied to the defendant, as his DNA was found on the magazine of the same gun. A bullet retrieved from the body of one of the victims was determined to have been fired by that gun.

The defendant's DNA was also found on the steering wheel and keys to the Jeep, along with a Pepsi can found in the center console. This Jeep was used in the robbery of the final victim, who testified that one of the perpetrators dropped something as he pulled out a firearm. Finally, the defendant's girlfriend was the mother of a co-defendant, who lived in an apartment where the property of three victims was found.

As to the issue of intent, the State responds the issue is not preserved as it was not raised in the defendant's motion for judgment of acquittal. Even if preserved, specific intent to kill is not a required element because the State charged the defendant with felony murder. Finally, a .40 caliber bullet was retrieved from one of the victim's bodies, establishing evidence of a robbery victim dying from fatal wounds sustained during the felony.

We agree with the State and affirm.

*Affirmed.*

CONNER and LOTT, JJ., concur.

*     *     *

**_Not final until disposition of timely-filed motion for rehearing._**

3