541 So.2d 720 (1989)
Worth Moses McCULLOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1281.
District Court of Appeal of Florida, Fourth District.
April 5, 1989.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
We reverse the defendant's conviction for possession of cocaine with the intent to sell, as the appellant's motion for judgment of acquittal at the end of the state's case should have been granted.
On August 7, 1987, two vice officers dressed in street clothes and occupying an unmarked car were patrolling an apartment complex in Riviera Beach. This area was often patrolled by the detectives because it was known as a high drug use area. As the officers approached the complex, they noticed a group of eleven to twelve individuals standing in front of one of the buildings. They noticed the appellant walking away from the group of individuals and, as he walked away, the officers saw him release from his left hand a small black plastic film canister. The officers testified that they had seen black film canisters used to store cocaine rocks on many occasions. The officer retrieved the container thrown by the appellant, performed a field test on the contents, and determined that it contained fifteen cocaine rocks. The appellant was then arrested.
At trial both officers testified that they never saw the appellant sell or try to sell any cocaine. An expert lab technician testified that the 6.15 grams of cocaine contained in the film canister could amount to 61.5 dosage units. She testified that one dose of cocaine lasts anywhere from 15 to 30 minutes, depending upon the individual. When asked how much cocaine any one person would use, the technician did not have an answer. She stated that one could use it continuously without stop. The officer testified that the street value of the cocaine rock could range from $150 upward. There was no evidence of any money on the defendant or other circumstances surrounding the arrest.
After the state rested, the appellant moved for an entry of a judgment of acquittal on the ground that the state had failed to present prima facie evidence as to *721 the element of intent to sell. The trial court denied the motion stating that the mere numbers of persons and the circumstances surrounding the arrest were sufficient for a jury to conclude that appellant possessed with intent to sell. The defense offered no evidence, and the case was sent to the jury which found the defendant guilty of both possession and possession with intent to sell cocaine.
Because there was no direct evidence, the question of intent had to be inferred from circumstantial evidence. As this court recently stated:
Intent may be, and in fact usually is, shown largely by circumstantial evidence but if the proof of intent rests solely upon circumstantial evidence (as it does here) the proof must be not only consistent with the guilt of the accused but also inconsistent with any other reasonable hypothesis. (citations omitted).
Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987).
In Cockett, this court adopted the reasoning of Fowler v. State, 492 So.2d 1344, 1347-48 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987), which held that in a circumstantial evidence case, the issue should not be submitted to the jury unless the evidence relied on by the state is competent, substantial evidence which is susceptible of only one inference and this inference is clearly inconsistent with the defendant's hypothesis of innocence.
In the instant case, the appellant concedes that the evidence proved that he was guilty of possession of cocaine, but he maintains that the circumstantial evidence presented by the state was not susceptible only of an inference that the cocaine was possessed with the intent to sell. Appellant contends that the quantity of drugs found in his possession merely furnishes some kind of suspicion and is not inconsistent with a reasonable hypothesis of innocence. The state, on the other hand, contends that the quantity is greater than an individual would possess for personal use and thus can raise an inference of the intent to sell. However, the state offered no testimony to support this contention, and, to the contrary, based upon the testimony of the lab technician offered by the state, the amount of cocaine in the vial could be used continuously by one person, and if so used, would last for only a matter of about a day. The value of that cocaine was placed by the state at only about $150.00. While the amount and quantity of drugs possessed by an individual may be circumstantial evidence of his intent to sell where such amount is inconsistent with personal use, possession of small amounts of cocaine is not inconsistent with appellant's possessing cocaine, not for sale, but exclusively for his personal use. See Turner v. United States, 396 U.S. 398, 423, 90 S.Ct. 642, 655, 24 L.Ed.2d 610, 627 (1970). In Turner, the defendant was stopped by police with heroin and a mixture containing cocaine amounting to 14.68 grams. The evidence also was that while in the custody of police, Turner threw away the tin foil package containing the mixture. The Supreme Court found that such evidence proved possession, but it was insufficient to prove intent to sell.
Other courts have considered what type of circumstantial proof is necessary to prove intent to sell. While quantity and value may be sufficient when the quantity is substantial, in cases where small amounts of narcotics are found, courts generally require other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate an intent to sell. See, e.g., State v. O'Campo, 644 P.2d 985 (Idaho Ct.App. 1982); State v. Jordan, 489 So.2d 994 (La. 1st Cir.1986).
In the instant case, the only other evidence which could possibly connect the defendant with an intent to sell was that he was with a large group of people. However, that is as consistent with the state's theory that he was attempting to sell to this group as it is with the theory that the defendant simply had possession of the drugs and upon seeing individuals known to be police coming up, he walked away and got rid of the narcotics.
The state's case raises no more than a suspicion of intent to sell. As this court *722 said in Cockett, the state presented no evidence that was susceptible only of an inference that appellant was guilty as charged.
This cause is therefore reversed and remanded with directions to vacate the conviction and sentence for possession with intent to sell cocaine, to substitute therefor a conviction for possession of cocaine, and for sentencing on this lesser charge.
STONE and POLEN, JJ., concur.