KLEIN, J.
Appellant was convicted of delivery of cocaine, possession of cocaine with intent to deliver or sell, and possession of cannabis. We affirm his convictions but address one issue, whether there was evidence to support the charge of possession of cocaine with intent to sell.
While a police officer was working an undercover drug operation in an unmarked vehicle, he was flagged down by a man named Herbert. Responding to Herbert’s inquiry as to what he needed, the officer responded that he wanted a twenty, which is slang for twenty dollars worth of crack cocaine. In response to a further statement by Herbert, the officer went to a nearby store called the Food Express, and Herbert arrived a few minutes later. When the officer arrived he noticed appellant standing by the pay phone.
Herbert walked over to appellant, and after a conversation, appellant pulled out a brown bag and a plastic bag from the front of his pants. Appellant handed Herbert an object, and Herbert went over to the officer’s window and showed the officer that the object was crack cocaine. The officer then gave Herbert twenty dollars and received the cocaine rock. Appellant was then arrested and had twelve cocaine rocks on his person.
Appellant argues that although there was sufficient evidence to show that he possessed cocaine, the evidence was insufficient to establish an intent to sell. He relies on McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989). In McCullough, the defendant had fifteen cocaine rocks in his possession; however, there was no evidence that he was selling or attempting to sell the cocaine. In reversing his conviction, we held that the possession of fifteen rocks, in and of itself, was insufficient to prove intent to sell.
In the present case there was more evidence of intent to sell than there was in McCullough. This evidence, set forth above, was sufficient to support the conviction of possession with intent to sell. Affirmed.
POLEN and STEVENSON, JJ., concur.