818 So.2d 539 (2002)
Terrance JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4586.
District Court of Appeal of Florida, Second District.
January 18, 2002.
*540 James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helen S. Parnes, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Terrance Jackson of possessing cocaine with intent to sell, possessing *541 more than 20 grams of cannabis, and felony fleeing or attempting to elude a law enforcement officer. He contends the evidence was insufficient to prove two of the offenses, and that he was entitled to a mistrial due to prosecutorial error. We agree and reverse.
Lake Alfred Police Officer Nelson Newcomb testified that he observed a car with a cracked windshield stopped in front of him at an intersection. When traffic began to move, the officer illuminated his overhead lights, but the car increased speed. He sounded his air horn a few times, and then his siren. The car continued to travel below the speed limit, but proceeded another mile before stopping. When it finally did, Officer Newcomb approached and ordered the driver, Terrance Jackson, and his passenger, Charlie Atkins, to exit the vehicle. The officer arrested Jackson for fleeing from the traffic stop, handcuffed him, and patted him down. He seized $400 and a green ampule from Jackson's pocket, and he found baggies of cocaine and marijuana in Jackson's groin area. Polk County Sheriff's Deputy Mike Robertson testified that he had happened by the scene, observed Newcomb's Lake Alfred patrol car, and stopped to offer assistance. The deputy took control of the passenger, Atkins, and immediately smelled marijuana on his breath.
Jackson moved for a judgment of acquittal at the close of the State's case. He argued that the evidence failed to prove either his intent to sell cocaine or the offense of felony fleeing or attempting to elude. After the trial court denied the motion, Jackson testified he had been gambling that evening. At the time of his arrest his pockets contained about $600 or $700 in winnings, along with a pair of dice and the green ampule, which he employed as a talisman. He denied possessing cocaine or marijuana.
Where the only proof of an intent to sell is circumstantial, it may support a conviction only if it excludes every reasonable hypothesis of innocence. McCullough v. State, 541 So.2d 720, 721 (Fla. 4th DCA 1989). In Jackson's case, the State's only evidence on this point consisted of the quantity and packaging of the cocaine found in his possession. The quantity of drugs possessed may be circumstantial evidence of an intent to sell it, but only if the quantity is inconsistent with personal use. McCullough, 541 So.2d at 721 (holding that 15 rocks of cocaine weighing 6.15 grams merely raised suspicion of intent to sell). The cocaine at issue here weighed five grams and was packaged in six ring baggies contained within a larger baggie. This quantity, even as packaged, was not so large as to imply an intent to sell without other evidence. It was equally plausible that Jackson had purchased the six baggies of cocaine for his personal use. Individual packaging of similar amounts of cocaine has been deemed insufficient to show intent to sell. See Nelson v. State, 707 So.2d 405, 406 (Fla. 5th DCA 1998) (holding that evidence of six individually wrapped pieces of cocaine was insufficient to support conviction of possession with intent to sell); Williams v. State, 569 So.2d 1376, 1377 (Fla. 2d DCA 1990) (vacating conviction of possession with intent to sell where State proved possession of ten pieces of cocaine, marijuana rolling papers, $72 in cash and a weapon); C.L.L. v. State, 566 So.2d 878, 878-79 (Fla. 3d DCA 1990) (adjudicating juvenile delinquent of lesser offense of possession of cocaine where evidence showed possession of ten pieces of cocaine in ring baggies). Therefore, Jackson's conviction for possessing cocaine with intent to sell must fall.
We also agree with Jackson that the State failed to prove felony fleeing or *542 attempting to elude. To convict for this offense, the State must prove that the defendant fled from a law enforcement officer "in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated." See § 316.1935(2), Fla. Stat. (2000). Here, the State presented Officer Newcomb's testimony that his overhead lights and siren were activated, but there was no testimony that his vehicle was otherwise marked. The deputy recounted that he observed the Lake Alfred patrol car. But he did not say that he recognized it as such because of its markings, or even that it was marked, or that he even knew the car was from the Lake Alfred Police Department before he stopped to assist. In the absence of proof that the car was prominently marked, the evidence was insufficient to support a conviction for felony fleeing under section 316.1935(2).
In addition to the foregoing, we must reverse all of Jackson's convictions and remand for a new trial necessitated by prejudicial error during the prosecutor's opening statement. He told the jury that the passenger, Atkins, indicated to Officer Newcomb that there was contraband in Jackson's groin area. Defense counsel promptly posed a hearsay objection because Atkins was not a testifying witness. Receiving reassurance that the prosecutor only intended to describe a gesture made by Atkins to explain the officer's response, defense counsel withdrew his objection with the understanding that the prosecutor would not mention Atkins's statement to this effect. During the trial, however, the officers did not testify to any gesture or statements, and Atkins did not testify. Defense counsel requested a mistrial on the ground that the State had failed to present evidence of the alleged gesture that had been mentioned in the prosecutor's opening statement. At that time, the prosecutor admitted to the court that he had confused this and another case, and that Atkins had actually made a statement to the officer at the scene concerning the presence of drugs in Jackson's groin area.
Thus, albeit inadvertently, the prosecutor improperly suggested to the jury that there was non-record evidence tending to corroborate the officer's testimony that Jackson possessed drugs at the time of the stop. See Hazelwood v. State, 658 So.2d 1241, 1244 (Fla. 4th DCA 1995). The error was not harmless because this case boiled down to a credibility contest between Jackson and the officers. The State's suggestion that there was other evidence in support of its case, coupled with its failure to offer it and thereby subject it to cross-examination by the defense and evaluation by the jury, prejudiced Jackson. See Voorhees v. State, 699 So.2d 602 (Fla.1997).
Double jeopardy forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Therefore, on remand the State may not seek to convict Jackson for possession of cocaine with intent to sell or for felony fleeing or attempting to elude a law enforcement officer. However, he may be retried for the lesser included offenses of possession of cocaine and of failure to stop under section 316.1935(1), Florida Statutes (2000), and, of course, for possession of marijuana.
Reversed and remanded for new trial.
PARKER and CASANUEVA, JJ., Concur.