824 So.2d 1046 (2002)
Alphonzo GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2592.
District Court of Appeal of Florida, Fourth District.
September 4, 2002.
*1047 Carey Haughwout, Public Defender, and Nancy B. Jack, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
We reverse appellant's, Alphonzo Glenn, conviction and sentence on the charge of possession of cocaine with intent to deliver or sell holding that there was insufficient evidence to support his conviction and remand for further proceedings consistent with this opinion.
At trial, the state sought to have Detective Gerard Fuller of the Fort Lauderdale Police Department's street narcotics unit qualified as an expert witness on "field street narcotics to sell and simple possession" under section 90.704, Florida Statutes. Fuller was an eleven-year veteran of the police force and had been assigned to the street narcotics unit twice, once for 5 years and his current assignment for six months. He took courses in drug identification and undercover techniques. Most of his experience, however, was learned on the job. The officer stated that he had made thousands of arrests dealing with low-level narcotics. The officer stated that the offenses he charges someone with depend upon the amount, packaging and other factors. Defense counsel conducted voir dire of the witness and after questioning him argued to the court that the officer was not qualified as an expert. The court overruled his objection and held that the officer could give his opinion in the area of packaging and quantity.
Detective Fuller stated that on June 20, 2000, he and Officer Gonzalez, an officer in *1048 training, were doing surveillance on the intersection of Northwest 9th Avenue and Northwest 6th Street. Appellant was observed at 4:50 a.m. near a 24-hour convenience store. He was standing on the far southwest corner of the parking lot to the convenience store near a row of bushes. Appellant reached into the bushes, went back to where he was standing, and then repeated the same again. This behavior aroused the officers' suspicions, so they decided to investigate. The officers approached appellant and asked him whether he had anything illegal on him. Appellant said "yes" and produced a "joint" from his back pocket. After asking appellant whether he had anything else illegal on him, appellant said he had about ten pieces of crack cocaine on him. When asked where it was, appellant opened his hand and had two plastic containers in his hands. The crack cocaine weighed approximately four grams and while the detective did not count the rocks, he approximated that they amounted to about 50 cocaine rocks.
Appellant stated that he was at the convenience store to get some coffee, but he did not have any cups in his hand. When asked about the crack cocaine, appellant stated that he "smoked it." No drug paraphernalia to smoke the cocaine was found on his person.
On cross-examination, Detective Fuller acknowledged that he did not see appellant attempt to sell cocaine to anyone or talk to anyone during that time. He admitted that had appellant not made those admissions about having something illegal on his person, there would not have been a case against him.
Officer Gonzalez, the officer in training, also saw appellant reach into the bushes. Upon speaking with appellant, he indicated that he had a marijuana cigarette inside a cigarette pack in his pocket. Appellant also handed over the two containers containing the crack cocaine rocks. After appellant was read his Miranda rights, appellant stated that he was going to smoke the cocaine.
After the state rested, appellant moved for judgment of acquittal arguing that the state failed to present a prima facie case of possession with intent to sell:
The State witnesses, both testified that they never saw Mr. Glenn try to sell any cocaine.
They never saw him interact with anyone else. There was no one else in the area and there was no testimony as to the way it was packaged to show the intent to sell. There was no evidence that there was any money recovered from Mr. Glenn ...
The proof must not only be consistent with the guilt of the accused but also inconsistent with any other reasonable hypothesis in this case. Officer Fuller testified that Mr. Glenn indicated to him that he intended to smoke the cocaine rocks. The other hypothesis is Mr. Glenn didn't inten[d] to smoke the crack cocaine rock[s] and not sell them.
The court denied the motion.
On appeal, appellant claims that there was no evidence, circumstantial or direct, to support a conviction for possession with intent to sell or deliver. We agree.
In Scarlett v. State, 704 So.2d 615, 616 (Fla. 4th DCA 1997), review denied, 717 So.2d 537 (Fla.1998), this court held that a police officer, when properly qualified as an expert, may testify regarding whether drugs were intended for personal use or for sale, based on the amount and packaging of the drugs. In that case, the detective, qualified as an expert on quantity and packaging of drugs was permitted to testify as to how marijuana is normally packaged *1049 for sale, and that the eleven individually packed baggies of marijuana found on appellant were packaged for sale and not individual use. In this case, the officer did not give an opinion that the drugs were intended for sale.
Where the only proof of an intent to sell is circumstantial, it may support a conviction only if it excludes every reasonable hypothesis of innocence. See Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002). In considering what type of circumstantial proof is necessary to prove intent to sell, quantity and value may be sufficient when the quantity is substantial; however, in cases where small amounts of narcotics are found, courts generally require other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate an intent to sell. See McCullough v. State, 541 So.2d 720, 721 (Fla. 4th DCA 1989).
In McCullough, this court held that circumstantial evidence was insufficient to support an intent to sell where the defendant was with a large group of people and found with 15 cocaine rocks in a film cannister. See id. Since there was no evidence of any money on the defendant or other circumstances surrounding the arrest, the circumstantial evidence raised no more than suspicion of intent to sell and was not inconsistent with appellant's reasonable hypothesis of personal use. See id.
In Jackson, the state's only evidence of intent to sell consisted of the quantity and packaging of the cocaine found in his possession. The quantity of drugs possessed may be circumstantial evidence of an intent to sell it, but only if the quantity is inconsistent with personal use. See Jackson, 818 So.2d at 541 (citing McCullough, 541 So.2d at 721). The cocaine at issue weighed five grams and was packaged in six ring baggies contained within a larger baggie. The court held that this quantity, even as packaged, was not so large as to imply an intent to sell without other evidence. See id. It was equally plausible that Jackson had purchased the six baggies of cocaine for his personal use. See id.; see also C.L.L. v. State, 566 So.2d 878 (Fla. 3d DCA 1990)(evidence that juvenile possessed ten cocaine rocks that were wrapped in individual plastic bags was insufficient to establish that juvenile possessed the cocaine with intent to sell, absent evidence that quantity and packaging were indicative of intent to sell.).
In this case, although Detective Fuller was qualified as an expert in street level narcotics, the state never elicited any testimony from the detective that the drugs were to be sold.
Appellant was found standing alone on the night in question near a convenience store and was not observed conducting any type of drug transaction. Appellant stated that he was at the convenience store to get coffee. The only suspicious activity observed by the officers was appellant reaching into the bushes twice. When asked if he had anything illegal on him, appellant stated that he had a marijuana cigarette and handed over two containers containing cocaine rocks. Appellant stated that he intended to smoke the crack cocaine.
At no time did Detective Fuller testify in his capacity as an expert as to the packaging of the crack or whether the amount was consistent with personal use as claimed by appellant. Further, the officer testified that he did not actually count the cocaine rocks. In fact, cases have held that possession of amounts greater than that possessed by appellant, 4 grams, was not inconsistent with possession of personal use rather than sale use. See McCullough; Jackson. Additionally, the fact *1050 that no drug paraphernalia was found on appellant's person was not necessarily evidence, as claimed by the state, which was inconsistent with appellant's theory. In fact, the officer acknowledged that but for appellant's statements that he was in possession of illegal drugs, Detective Fuller had no evidence that appellant was doing anything illegal, much less, selling drugs.
As in McCullough, this cause should be reversed and remanded with directions to vacate the conviction and sentence for possession with intent to sell or deliver cocaine, to substitute the conviction for possession of cocaine, and for sentencing on the lesser charge. See McCullough, 541 So.2d at 721.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.