PER CURIAM.
In this direct criminal appeal, appellant seeks review of his conviction, following a jury trial, for possession of cocaine with intent to sell or deliver. We agree with appellant that the trial court should have granted his motion for judgment of acquittal, made at the close of the state’s case and renewed at the close of all the evidence, because the evidence (viewed in a light most favorable to the state) was legally insufficient to establish the essential element of intent to sell. See, e.g., Jackson v. State, 818 So.2d 539 (Fla. 2d DCA 2002) (reversing the defendant’s conviction for possession of cocaine with intent to sell based on the defendant’s possession of five grams of cocaine packaged in six ring baggies contained within a larger baggie where the quantity, even as packaged, was not so large as to imply intent to sell absent additional evidence); McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989) (holding that the defendant’s possession of a film cannister containing 15 rocks of cocaine weighing 6.15 grams merely raised a suspicion of intent to sell and was not inconsistent with the defendant’s reasonable hypothesis of personal use); Williams v. State, 573 So.2d 124 (Fla. 4th DCA 1991) (holding that the defendant’s possession of $521 was insufficient to show that the defendant had the intent to sell cocaine because it raised no more than suspicion to sell). We conclude that appellant’s remaining arguments are without merit.
We reverse appellant’s conviction for possession of cocaine with intent to sell or deliver, and remand with directions that the trial court enter judgment for the lesser offense of possession of cocaine and resentence appellant accordingly. See § 924.34, Fla. Stat. (2000). In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, PADOVANO and HAWKES, JJ., concur.