SHAHOOD, J.
Appellant, Tevorance Lesane, appeals his conviction and sentence on the charge of possession of cocaine with intent to sell or deliver within 1,000 feet of a school. We hold there was insufficient evidence to support his conviction and remand for further proceedings consistent with this opinion.
At trial, Officers Carroll Nance and Jason Braun of the Ft. Pierce Police Department testified that they came into contact with appellant on May 2, 2002 at about 1:00 p.m. The officers observed appellant cross an open field which had a no trespassing sign posted near the field. When appellant made eye contact with the officers, appellant turned and fled. The officers followed behind appellant. As appellant crossed the field, the officers saw appellant hold his right hand out to his side, a red cap (from a superglue tube) fall and a “flurry of white rocks fall to the ground.” Appellant then went over a fence, the officers gave chase, and the officers apprehended appellant. The officers found a white superglue tube less than a foot away from appellant and one hundred fourteen ($114) dollars was found on his person.
The officers returned to the area where they saw appellant drop the white rocks. There, they located a red cap from a superglue tube and approximately twenty crack cocaine rocks. Officer Nance acknowledged that he never saw any exchange of money or drugs prior to appellant’s arrest. Over objection, Officer Nance testified that crack is usually ingested through a pipe or glass tube and that none of these items were found on appellant’s person at the time of his arrest. Officer Braun testified that, in his opinion, the amount of drugs found was more consistent with sale than with personal use.
Officer Nance further testified that appellant was 30CM00 feet from a church and 200-300 feet from a daycare center; but did not measure the distance. However, the Reverend from the church testified as to the location of the church and school.
Following the close of the state’s case, appellant moved for judgment of acquittal on the charge of possession with intent to sell or deliver cocaine, which the trial court denied.
A judgment of acquittal pertains to the legal sufficiency of the state’s evidence. See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998). Although the state is not required to rebut every variation of events which may be inferred from the evidence, it is required to present competent, substantial evidence which is inconsistent with the defendant’s theory of events. See State v. Law, 559 So.2d 187, 189 (Fla.1989). Where there is substantial, competent evidence to support the jury’s verdict, the appellate court will not reverse. See Law, 559 So.2d 187, 189 (Fla.1989).
Where the only proof of intent to sell is circumstantial, it may support a conviction only if it excludes every reasonable hypothesis of innocence. See Glenn v. State, 824 So.2d 1046, 1049 (Fla. 4th DCA 2002)(citing Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002)). In considering what type of circumstantial proof is necessary to prove intent to sell, quantity and value may be sufficient when the quantity is substantial; however, in cases where small amounts of narcotics are found, courts generally require other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate intent to sell. See id. (citing McCullough v. *1234 State, 541 So.2d 720, 721 (Fla. 4th DCA 1989)). While the amount and quantity of drugs possessed by an individual may be circumstantial evidence of his intent to sell where such amount is inconsistent with personal use, possession of small amounts of cocaine is not inconsistent with appellant’s possessing cocaine, not for sale, but exclusively for his personal use. See McCullough, 541 So.2d at 721.
In McCullough, 541 So.2d at 721, this court held that circumstantial evidence was insufficient to support an intent to sell where the defendant was with a large group of people and found with fifteen cocaine rocks in a film canister. Since there was no evidence of any money on the defendant or other circumstances surrounding the arrest, the circumstantial evidence raised no more than suspicion of intent to sell and was not inconsistent with appellant’s reasonable hypothesis of personal use. See id.
In Glenn, 824 So.2d at 1049, this court reversed appellant’s conviction for possession of cocaine with intent to deliver holding that the evidence of appellant holding two plastic vials containing a total of approximately four grams (fifty rocks) of crack cocaine was insufficient. Appellant was found standing alone near a convenience store and was not observed conducting any type of drug transaction. The only suspicious activity observed by officers was that of appellant twice reaching into nearby bushes. Appellant told the officers that he intended to smoke the crack cocaine found on his person. In addition, while one of the detectives was qualified as an expert in street level narcotics, the state failed to elicit any testimony from the detective as to the way in which the cocaine was packaged in order to show intent to sell. See id. at 1049.
In Sampson v. State, 863 So.2d 404 (Fla. 4th DCA 2003), this court reversed a denial of a judgment of acquittal for possession of cocaine and cannabis with intent to distribute. While 12.9 grams of cocaine was found in appellant’s fanny pack, no evidence was presented that the amount of cocaine was inconsistent with personal use or that there was any other indication that appellant intended to sell the cocaine. See id. at 405.
In this case, it is undisputed that there was no direct evidence establishing a prima facie case of possession with intent to distribute. As to circumstantial evidence, the officers simply observed appellant flee from the officers when they made eye contact and drop a red cap and some white objects, which later turned out to be crack cocaine rocks. When he was apprehended, officers found an empty white superglue tube and $114 on appellant’s person. In all, twenty cocaine rocks, weighing 1.8 grams, were recovered from the scene.
As demonstrated by the above cases, the evidence against appellant was insufficient to exclude a reasonable hypothesis that the cocaine was for personal use. Clearly, the quantity of drugs and money found on appellant’s person, without other corroborating evidence, was not inconsistent with personal use. In addition, none of the officers testifying were properly qualified as expert witnesses to testify as to quantity and packaging of drugs in order to demonstrate that the drugs were intended for sale.
Accordingly, as in McCullough, Glenn, and Sampson, we reverse and remand for resentencing on the lesser charge of possession of cocaine.
In his second issue on appeal, appellant urges that the trial court erred in admitting the officers’ testimony concerning other cocaine cases. Appellant claims that neither officer was ever declared an *1235 expert witness on this subject and that the admission of such irrelevant evidence denied him due process.
This court has made it clear that testimony about a defendant’s general criminal behavior is not allowed as substantive proof of guilt, because every defendant has the right to be tried based on evidence against him, not on the characteristics or conduct of certain classes of criminals in general. See Armalin v. State, 884 So.2d 458, 459 (Fla. 4th DCA 2004)(citing Lowder v. State, 589 So.2d 938, 935 (Fla. 3d DCA 1991), and Dean v. State, 690 So.2d 720 (Fla. 4th DCA 1997)).
This holding was recently reaffirmed in Griffin v. State, 872 So.2d 998, 1000 (Fla. 4th DCA 2004), relied upon by appellant:
This court has previously held that general criminal behavior testimony is not allowed as substantive proof of a defendant’s guilt because every defendant has the right to be tried based on the evidence against him or her, not on the characteristics or conduct of certain classes of criminals in general. See Dean v. State, 690 So.2d 720, 723 (Fla. 4th DCA 1997).
This principle was applied in Lawrence v. State, 766 So.2d 250 (Fla. 4th DCA 2000). In that case, the testimony at issue was the officer’s testimony that it was not unusual for cocaine not to be recovered in certain situations. The prosecutor asked the officer in his experience what was common in those situations. The officer responded that sometimes people try to throw the cocaine away, throw it over the fence, or eat it. This court, relying on Dean, held that testimony of generalized common practices among drug dealers is not admissible as proof of guilt. See Lawrence, 766 So.2d at 251. The testimony was found to be inadmissible and prejudicial and the case was reversed for a new trial.
In the instant case, Officer Rodriguez’s testimony was improper and prejudicial because it asked the jury to infer that Griffin did in fact have crack cocaine in his mouth, which he later swallowed, since it is a common practice. The state has not established that there is no reasonable possibility that the error contributed to the conviction, therefore, the error is not harmless.
In each of the above cases, the general criminal behavior in question was a critical aspect of proof in relation to other evidence of guilt. See Armalin, 884 So.2d at 460. Similarly, in this case, the evidence regarding general criminal behavior was a critical aspect of proof given the fact that there was not a lot of circumstantial evidence to corroborate appellant’s intent to distribute the crack cocaine.
Accordingly, we hold the trial court abused its discretion in allowing such testimony. However, such error was harmless in light of the overwhelming evidence of appellant’s guilt of simple possession of cocaine.
Upon remand, we direct that appellant be resentenced on the lesser charge of possession of cocaine and on all the other counts in this case as well.
REVERSED AND REMANDED.
FARMER, C.J, and TAYLOR, J„ concur.