995 So.2d 1122 (2008)
Willie Melvin BEDFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4201.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of possession with intent to sell both cocaine and marijuana. He challenges his convictions claiming that the trial court erred in failing to grant a motion for judgment of acquittal. He maintains that the state failed to prove that he had knowledge of the drugs *1123 found inside a container which an officer observed appellant hide. In addition, he also claims that the state failed to prove intent to sell. As to knowledge of the drugs, because the officer saw appellant in actual possession of the container in which the drugs were found, knowledge may be inferred from the exclusive possession of the substance. See Gartrell v. State, 626 So.2d 1364, 1366 (Fla.1993). As to inferring intent to sell, the circumstantial evidence observed by the officer, including the number of packages of drugs found, together with the officer's testimony that the number and type of packaging was consistent with the sale of drugs, was sufficient to submit the issue of intent to the jury. See Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993). The trial court did not err in denying the motion for judgment of acquittal. We therefore affirm.
WARNER, FARMER and DAMOORGIAN, JJ., concur.