CIKLIN, J.
The central question presented for review is whether the State failed to present *926 a prima facie case of possession of cocaine with intent to sell.
The appellant, David Richards, was found guilty of and sentenced to ten years in prison for possession of cocaine with intent to sell or deliver in violation of section 893.13(l)(a)l, Florida Statutes. Other than a meritless argument related to a jury selection cause challenge, Richards’ sole argument on appeal is that the trial court erred in denying his motion for judgment of acquittal because only one of seven bags of suspected cocaine introduced into evidence had been laboratory tested. Because the State offered additional and uncontested circumstantial evidence indicating intent to sell, we find the trial court did not err by submitting this issue to the jury and affirm.
During the State’s case in chief, law enforcement officers testified that Richards was found in possession of a coin purse that contained seven individual and similarly packaged bags of a white powdery substance in varying weights. Daniel Jones, a seasoned narcotics detective, testified that the bags in Richards’ possession all appeared to contain cocaine and that possession of more than approximately three grams, packaged in individual “baggies” and utilizing Richards’ “method of storage,” was inconsistent with personal use and consistent with drug dealing. He testified that the average cocaine (non-dealer) purchaser typically buys just one gram or less at a time and that he had never arrested a (non-dealer) purchaser in possession of seven individually wrapped baggies of cocaine in varying weights. Detective Jones suggested that while (non-dealer) purchasers normally keep their cocaine in concealed locations such as pockets and socks, drug dealers often store cocaine in multiple individual baggies within containers such as the coin purse utilized by Richards. Detective Jones opined that the amount of cocaine in Richards’ possession was equivalent to 140 “dosage units” with a street value of $900-$1000.
The State also offered the testimony of Babu Thomas, a senior criminalist who tested one of the seven bags. That bag, which weighed three grams, tested positive for cocaine. Thomas stated that in his scientific opinion — based on consistency and appearance — each of the seven bags contained cocaine. The seven bags, without objection from the defendant, were then admitted into evidence. After the State rested, Richards moved for a judgment of acquittal, arguing that because only one of seven confiscated bags was tested, there was insufficient evidence to establish intent to sell.
A de novo standard of review applies in reviewing a motion for judgment of acquittal. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). In moving for a judgment of acquittal, a defendant admits the facts in evidence and every conclusion favorable to the adverse party that may be fairly and reasonably inferred from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). A court should grant a motion for judgment of acquittal only if “the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.” Id. The court should submit the case to the jury “[w]here there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts.” Id. Generally, an appellate court will not reverse a conviction supported by competent substantial evidence. Pagan, 830 So.2d at 803. “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the *927 elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id.; see Turner v. State, 29 So.3d 361, 364 (Fla. 4th DCA 2010).
Richards cites Ross v. State, 528 So.2d 1237, 1239 (Fla. 3d DCA 1988) in support of his argument that in cases involving powdery substances in individually wrapped packets, the State has the burden of proving that each separate packet contains actual cocaine. He maintains that the State’s failure to do so renders its evidence legally insufficient to sustain a finding of guilt as to intent to sell and therefore urges that the trial court erred by not granting his motion for judgment of acquittal following the State’s presentation of its case in chief.
We find that Ross is distinguishable and not controlling because Ross involved a defendant charged with drug trafficking where the amount of cocaine actually possessed was an element of the charged offense. Id. at 1239 (“It is essential in order to sustain a cocaine trafficking conviction that each packet of white powder be chemically tested ... to contain cocaine, and that the total weight of the material in the tested packets equal or exceed twenty-eight (28) grams.”).
To the contrary, the amount of cocaine actually possessed is not an element of the charged offense in the instant case. See § 893.13(l)(a), Fla. Stat. (“[I]t is unlawful for any person to ... possess with intent to sell, manufacture, or deliver, a controlled substance.”).
While the amount of actual cocaine possessed by Richards may, by itself, be insufficient circumstantial evidence of intent to sell, other proof was offered up by the State.
Richards’ possession of the coin purse that contained seven baggies of a white powdery substance, one of which tested positive for cocaine, along with the testimony of Detective Jones and Senior crimi-nalist Thomas was of sufficient evidentiary stature to survive a motion for judgment of acquittal. The jury was then free to believe or disbelieve that Richards had, as the State alleged, the intent to sell the cocaine in Richards’ possession, whatever that amount may have actually been. Compare Sampson v. State, 863 So.2d 404 (Fla. 4th DCA 2003) (motion for judgment of acquittal was appropriately granted when the State failed to present evidence that the weight and manner in which the cocaine was possessed was inconsistent with personal use); Glenn v. State, 824 So.2d 1046, 1048-49 (Fla. 4th DCA 2002) (holding that evidence was insufficient to survive motion for judgment of acquittal when State failed to present any evidence as to packaging for sale and the money recovered); Jackson v. State, 818 So.2d 539 (Fla. 2d DCA 2002) (evidence was insufficient to survive judgment of acquittal where State failed to present testimony from expert that amount and manner in which cocaine was possessed was inconsistent with personal use); McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989) (conviction reversed where State offered no testimony that amount of cocaine possessed was inconsistent with personal use).
Richards’ motion for judgment of acquittal was appropriately denied. See Bedford v. State, 995 So.2d 1122 (Fla. 4th DCA 2008).
The appellant’s second point on appeal is without merit.

Affirmed.

GROSS, C.J., concurs.
FARMER, J., dissents with opinion.