TAYLOR, J.
The defendant, Angelia Harris, appeals her conviction for possession of cocaine with intent to sell within 1,000 feet of a park. Because there was insufficient circumstantial evidence of her intent to sell, we reverse the conviction and remand for *806 entry of a judgment of conviction for possession of cocaine.
At trial, a police officer testified that shortly before noon on August 19, 2007, he was on foot patrol when he entered a recreational park owned by the City of Boynton Beach. There were about thirty people in the park. The officer saw the defendant holding a cell phone with one hand and dangling a clear sandwich bag containing “off color whitish looking pebbles” from her other hand. Based on the officer’s training and experience, he believed the pebbles to be crack cocaine.
As the officer approached the defendant in the park, someone loudly yelled “police.” The defendant turned, saw the officer in police uniform, abruptly closed the cell phone, and crumpled the bag into her fist. The defendant began turning away from him and shoving the bag down the front of her waistband. A female backup officer arrived and conducted a pat-down on the defendant. A bag containing about forty to fifty pieces of suspect rock cocaine was retrieved from the defendant. A forensic scientist later confirmed that the substance was cocaine and determined that the net weight of the substance was approximately five grams.
The officer opined based on his training and experience that the nearly fifty cocaine rocks found in the defendant’s possession were for sale to others. He testified that the distinction between personal use and intent to sell is based on both the amount of the drug in the person’s possession and the presence or absence of drug paraphernalia. Someone possessing crack cocaine for personal use “would have, say, two or three pieces of crack cocaine [and] would also have a crack pipe that would be for personal use, typically.” By contrast, someone with “in excess of 20, 30 or 50 rocks of crack cocaine without a device to ingest that crack cocaine would typically be associated with the sale of cocaine.” The officer testified that he did not find any drug paraphernalia on the defendant. He estimated that the crack cocaine in the defendant’s possession was worth $20 per rock.
The defendant’s motions for judgment of acquittal argued, in part, that the State failed to introduce sufficient evidence that the defendant intended to sell the cocaine. The trial court denied the motions for judgment of acquittal, and the jury found the defendant guilty of possession of cocaine with intent to sell within 1,000 feet of a park.
A de novo standard of review applies when reviewing a motion for judgment of acquittal. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id. (citations omitted). A more stringent standard of review applies, however, if the State’s evidence of guilt is wholly circumstantial. See State v. Law, 559 So.2d 187, 188 (Fla.1989). In drug prosecutions, where the only proof of intent to sell is circumstantial, such proof may support a conviction for possession with intent to sell only if it excludes every reasonable hypothesis that the defendant possessed the drugs for personal use. See Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002).
The quantity or packaging of drugs in a defendant’s possession may indicate an intent to sell. Valentin v. State, 974 So.2d 629, 630 (Fla. 4th DCA 2008). In considering what type of circumstantial *807 evidence is necessary to prove a defendant’s intent to sell, a court may consider quantity and value to be sufficient when the quantity is substantial. Glenn v. State, 824 So.2d 1046, 1049 (Fla. 4th DCA 2002). But in cases where small amounts of narcotics are found, “courts generally require other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate an intent to sell.” McCullough v. State, 541 So.2d 720, 721 (Fla. 4th DCA 1989).
The State’s evidence must therefore be inconsistent with the theory that the defendant possessed the cocaine “not for sale, but exclusively for his personal use.” Lesane v. State, 895 So.2d 1231, 1234 (Fla. 4th DCA 2005). For example, in McCullough, the defendant was in possession of 6.15 grams of cocaine rock, which was contained in a film canister and had a street value of $150 or more. 541 So.2d 720. Further, the officers never saw the defendant try to sell any cocaine and there was no evidence of any money on the defendant. Id. We explained that the prosecution offered no testimony to support the contention that this quantity was greater than an individual would possess for personal use; to the contrary, the lab technician’s testimony established that the amount of cocaine in the vial could be used continuously by one person in a matter of about a day. Id. at 721. We thus held that the circumstantial evidence presented by the state was not susceptible only of an inference that the cocaine was possessed with the intent to sell. Id.
Likewise, in Glenn, we reversed the defendant’s conviction for possession of cocaine with intent to deliver, holding that evidence of the defendant’s possession of fifty crack cocaine rocks weighing a total of four grams was insufficient to prove intent to sell. 824 So.2d at 1049-50. There, the defendant was standing alone near a convenience store and was not observed conducting any type of drug transaction. Id. at 1049. The only suspicious activity the officers observed was the defendant reaching into the bushes twice. Id. The defendant stated that he intended to smoke the crack cocaine. Id. Although the State presented testimony of an officer qualified as an expert in street level narcotics, the State never elicited any testimony from the officer that the drugs were to be sold, nor did the officer testify as to the packaging of the crack or whether the amount was consistent with personal use. Id.
Similarly, in Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002), the defendant was found with cocaine which weighed five grams and was packaged in six ring baggies contained within a larger baggie. The Second District reversed the defendant’s conviction for possession with intent to sell. Id. The court explained: “This quantity, even as packaged, was not so large as to imply an intent to sell without other evidence.” Id. (emphasis added). The court found it to be “equally plausible” that the defendant had purchased the six baggies of cocaine for his personal use, noting that individual packaging of similar amounts of cocaine had been deemed insufficient to show intent to sell in other reported cases. Id.
More recently, in Valentin, the defendant was charged with possession of cocaine with intent to sell within 1,000 feet of a publicly owned park in violation of section 893.13(l)(c), Florida Statutes. 974 So.2d at 629. The charge was based on the defendant’s possession of seventeen individual baggies with 8.3 grams of cocaine in them, which the officer testified had a street value of approximately $340. Id. at 631. Although the officer testified that this was consistent with an intent to sell, *808 he also admitted that it could be for personal use. Id. Further, the officer did not find any money or drug paraphernalia on the defendant, and there were no other facts which would suggest an intent to sell. Id. Additionally, the officer did not see the defendant do anything to suggest an intent to sell in the park. Id. at 680. Accordingly, we explained: “Not only was the evidence insufficient to show an intent to sell generally, nothing would show that [the defendant] had an intent to sell within the park as required by the statute.” Id. (emphasis added); see also § 893.13(l)(e), Fla. Stat. (“[I]t is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell ... a controlled substance ... in, on, or within 1,000 feet of real property comprising a state, county, or municipal park, a community center, or a publicly owned recreational facility.”) (emphasis supplied).
Following Valentin, we reversed a defendant’s conviction for possession of marijuana with intent to sell within 1,000 feet of a school. See Alleyne v. State, 42 So.3d 948 (Fla. 4th DCA 2010). There, the defendant was found to be in possession of 18 individual plastic bags containing marijuana, with a total combined weight of less than twenty grams. We found that “packaging and weight of the drugs in this case is similar to that in Valentin, giving rise to similar conclusions about [the defendant's intent.” Id. at 950. In rejecting the State’s attempts to distinguish Valentin, we specifically discussed the significance of an officer’s “adamant” opinion that the defendant’s intent was to sell where this conclusion was unsupported by facts that would give it credence:
[W]hile the arresting officer in Valentin admitted the possibility that the recovered drugs could have been for personal use, one officer in this case was adamant in his opinion that Alleyne’s intent was to sell the drugs he possessed. Other than the manner in which the drugs were packaged, no other fact supported this conclusion. The officer’s opinion was unsupported by facts that would give it credence; Alleyne did nothing outside the convenience store before the police pulled up which indicated he was selling drugs. Neither the total amount of marijuana nor the amount of cash recovered was inconsistent with personal use. His flight from the police was as consistent with possession of illegal drugs as it was with the intent to sell them.
Id. at 951.
By contrast, other cases have found that an officer’s testimony was sufficient to present a jury question on the defendant’s intent to sell where the officer provided testimony that the packaging or method of storage was inconsistent with personal use. See, e.g., Richards v. State, 37 So.3d 925, 926-27 (Fla. 4th DCA 2010) (evidence sufficient to submit to jury the charge of possession of cocaine with intent to sell where defendant possessed a coin purse containing seven small plastic bags of white powdery substance, one of which tested positive for cocaine, and the officer testified that the defendant’s method of storage was inconsistent with personal use); Bedford v. State, 995 So.2d 1122, 1123 (Fla. 4th DCA 2008) (“As to inferring intent to sell, the circumstantial evidence observed by the officer, including the number of packages of drugs found, together with the officer’s testimony that the number and type of packaging was consistent with the sale of drugs, was sufficient to submit the issue of intent to the jury.”).
Although there is some tension between the cases discussed above, we find that the present case is more similar to Alleyne, Valentin, and Glenn and compels a similar result. Here, the evidence was *809 insufficient to exclude a reasonable hypothesis that the crack cocaine was for personal use. Although the officer testified that the nearly fifty cocaine rocks found in the defendant’s possession were for sale to others, the officer’s opinion was unsupported by corroborating facts that would give it credence. The cocaine rocks were not individually packaged. There was no evidence that the defendant was carrying any money. Although there were people around, the officer did not observe the defendant attempting to sell the cocaine to anyone. Other than the amount of cocaine and the fact that the defendant did not possess a crack pipe, no other fact supported the officer’s conclusion. But courts have found similar amounts of cocaine to be consistent with a reasonable hypothesis of personal use. See, e.g., Glenn, 824 So.2d at 1049-50 (holding that evidence of the defendant’s possession of 50 crack cocaine rocks weighing a total of four grams was insufficient to prove intent to sell); McCullough, 541 So.2d at 720 (holding that possession of 6.15 grams of cocaine rock was insufficient to overcome reasonable hypothesis of personal use).
Likewise, the mere fact that the defendant did not possess a crack pipe at the time she was arrested does not exclude the reasonable hypothesis that the drugs were for personal use. See Lesane, 895 So.2d at 1238 (holding that evidence was insufficient to exclude a reasonable hypothesis that 20 cocaine rocks weighing 1.8 grams were for personal use, despite police testimony that no crack pipe was found on the defendant and that the amount of drugs was consistent with sale); see also Glenn, 824 So.2d at 1049-50 (stating that “the fact that no drug paraphernalia was found on appellant’s person was not necessarily evidence, as claimed by the state, which was inconsistent with appellant’s theory.”).
Because the State failed to rebut the reasonable hypothesis that the drugs were for the defendant’s personal use, the trial court should have granted a judgment of acquittal on the issue of intent to sell. We therefore reverse the defendant’s conviction for possession of cocaine with intent to sell within 1,000 feet of a park and remand for entry of judgment of conviction for simple possession of cocaine. On remand, the defendant shall be resentenced on the lesser charge of possession of cocaine.

Reversed and Remanded.

HAZOURI and LEVINE, JJ., concur.