ON MOTION FOR REHEARING
Taylor, J.
We deny the state’s motion for rehearing, but withdraw our previous opinion and *411 substitute the following in its place to address the Florida Supreme Court’s recent opinion in Knight v. State, 186 So.3d 1005 (Fla. 2016) (clarifying that the circumstantial evidence standard of review applies only where all of the evidence of a defendant’s guilt is circumstantial).
Anthony Maurice Thomas appeals his conviction and sentence for possession of cocaine with intent to sell. His sole argument is that the trial court erred in denying his motion for judgment of acquittal because the state’s evidence was legally insufficient to prove the elements of the charged offense. Even when viewed in the light most favorable to the state, the evidence at trial of intent to sell was not to the exclusion of reasonable doubt. We therefore reverse appellant’s conviction for possession of cocaine with intent to. sell and remand for entry of a judgment of conviction for simple possession of cocaine.
A Fort Pierce police officer on road patrol stopped appellant’s vehicle after observing appellant fail to signal before making a turn. The officer ordered appellant to exit and stand behind the vehicle while he radioed for a backup unit. The officer saw appellant toss a white and orange object over the front of his vehicle. When the officer retrieved the tossed item, he discovered it was a pill container (a white tube or vial with an orange tip) that contained 3.31 grams of crack cocaine. A backup officer who arrived on the scene found a second container in an area nearby, which was similar to the other container, except green in color. This container held 0.19 grams of crack cocaine. Appellant was handcuffed, and a search of his person and vehicle revealed no drug paraphernalia or other contraband items. Appellant had $1086 on his person, consisting of $655 in his wallet and $431 outside his wallet, but all bills were inside the same pocket. Most of the money was denominated in twenty-dollar bills. The officers did not know the source of the money. Before the traffic stop, the officers did not observe appellant engage in any criminal conduct or behavior consistent with drug dealing.
Appellant was charged by information with possession of 3.5 grams of cocaine with intent to sell or deliver, driving without a valid driver’s license, and attempted tampering with physical evidence. The state dropped the tampering charge, and a jury found him guilty of driving without a valid license. The jury failed to reach a verdict on the charge of possession of cocaine with intent to sell. Appellant was later tried a second time.
At the second trial, the state called a St. Lucie County Sheriff’s deputy as its expert witness. The deputy testified that he was certified in narcotics detection and had extensive experience in undercover drug transactions. He said that after reviewing the state’s evidence, he concluded that appellant’s possession of the cocaine was with the intent to sell. He explained that the small pieces of cocaine recovered from appellant were similar to those he typically saw on the streets and that the pieces were worth anywhere between five and ten dollars each. He conceded, however, that some of the pieces of crack in the container were smaller than usual and not ideal for street level sales. More important, he acknowledged that it was just as likely that these smaller pieces of cocaine possessed by appellant were for his personal use. He also opined that the officer’s failure to find any drug paraphernalia in appellant’s possession indicated that he was not a drug user.
Although there was no evidence indicating the source of the money found in appellant’s pocket, the officer testified that the twenty-dollar bills were not inconsistent with money paid for ■ the cocaine pieces, because confidential informants *412 working for his unit often spent twenty to forty dollars on lower-priced cocaine pieces.
Appellant moved for a judgment of acquittal, arguing that the state failed to prove that he possessed cocaine with the intent to sell. The trial court denied the motion, and the jury found appellant guilty as charged. He was sentenced to ten years in prison.
The applicable standard of review for a trial court’s decision on a motion for judgment of acquittal is de novo. Harris v. State, 72 So.3d 804, 806 (Fla. 4th DCA 2011). Ordinarily, an appellate court will not reverse a conviction that is supported by competent, substantial, evidence. Id. A conviction is supported by sufficient evidence where, after viewing the evidence in the light most favorable to the state, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt. Knight v. State, 186 So.3d 1005, 1012 (Fla. 2016) (citation omitted). That burden was not met in the instant ease.
Although the quantity or packaging of drugs may indicate an intent to sell, these circumstances do not automatically establish intent to sell. This is particularly so where the quantity of drugs is relatively small. See Valentin v. State, 974 So.2d 629, 631 (Fla. 4th DCA 2008) (finding that 17 bags containing a total of 8.3 grams were not indicative of intent to sell where there was testimony that the possession could be for sale but may also be for personal use); Alleyne v. State, 42 So.3d 948, 949-50 (Fla. 4th DCA 2010) (evidence of the defendant’s possession of 18 plastic Ziploc bags containing marijuana weighing less than 20 grams was as consistent with possession for personal use as it was with possession with intent to sell); Harris, 72 So.3d at 809 (evidence of the defendant’s possession of 50 cocaine rocks which were not individually packaged was insufficient to establish the intent to sell element); Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002) (finding insufficient evidence of intent to sell where defendant possessed $400 and six baggies of cocaine, weighing a total of five grams).
Here, the evidence was equally consistent with the theory that appellant possessed the cocaine for personal use. This is tantamount to reasonable doubt. The aggregate weight of the cocaine, 3.5 grams, was relatively small, and the cocaine was not individually packaged. Although the state’s expert witness testified that appellant’s possession of the cocaine was consistent with an intent to sell, he also acknowledged that it could have been for personal use. See Valentin, 974 So.2d at 631 (an officer’s testimony that was consistent with the defendant being a user as well as a seller did not lead to the conclusion that the defendant was guilty of possession with intent to sell cocaine). Further, the fact that appellant did not possess any sort of drag paraphernalia for smoking the cocaine was an insufficient basis for concluding that the amount was not for personal use, but for sale. See Harris, 72 So.3d at 809; Lesane v. State, 895 So.2d 1231, 1233 (Fla. 4th DCA 2005); Glenn v. State, 824 So.2d 1046, 1049-50 (Fla. 4th DCA 2002).
More than half of the $1086 in cash found on appellant’s person was in his wallet and the remaining cash was loose in his pocket. None of it was packaged or co-mingled with the drugs. No evidence connected the money to illegal drug sales, and the state’s expert conceded that there was not much he could say about the money in the wallet because it was not readily accessible. Moreover, there was no testimony excluding any other personal reasons why appellant would have that amount of cash on his person.
*413 Finally, there were no other suspicious circumstances to suggest appellant's intent to sell the cocaine he possessed. Before the arresting officer stopped appellant for the traffic violation, he did not observe appellant conducting a sale of cocaine or engaging in any conduct consistent with illegal drug sales. No rational trier of fact could find that the evidence at trial established beyond a reasonable doubt that appellant had an intent to sell the cocaine he possessed. In sum, the state’s evidence was legally insufficient to prove an intent to sell the cocaine, especially in light of the state’s expert’s opinion testimony that appellant’s possession of some of the cocaine pieces could have been either with an intent to sell or for his own personal use.
We reverse appellant’s conviction for possession of cocaine with intent to sell and remand for entry of a judgment of conviction for simple possession of cocaine, pursuant to section 924.34, Florida Statutes (2016), and for resentencing. See Valentin, 974 So.2d at 631; McCullough v. State, 541 So.2d 720, 722 (Fla. 4th DCA 1989).

Reversed and Remanded.

Ciklin, C.J., and Forst, J., concur.