NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERIC McFARLANE,　　　　　　　　　　　）
a/k/a ERIC LIVINGSTON McFARLANE,　 ）
　　　　　　　　　　　　　　　　　　　 ）
　　　　　Appellant,　　　　　　　　　 ）
　　　　　　　　　　　　　　　　　　　 ）
v.　　　　　　　　　　　　　　　　　　 ）　　　Case No. 2D16-5462
　　　　　　　　　　　　　　　　　　　 ）
STATE OF FLORIDA,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　 ）
　　　　　Appellee.　　　　　　　　　　 ）
_____ ）

Opinion filed March 21, 2018.

Appeal from the Circuit Court for Highlands
County; Peter F. Estrada, Judge.

Howard L. Dimmig, II, Public Defender, and
Ama N. Appiah, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


KELLY, Judge.

　　　　　Eric McFarlane challenges his convictions for possession of cocaine with

intent to sell and criminal mischief. We agree with his argument that reversal is required

on his conviction for possession of cocaine with intent to sell because the State failed to

prove the cocaine was intended for sale rather than for personal use. However, we find

no merit in McFarlane's remaining argument and, accordingly, affirm his conviction for criminal mischief.

A detective stopped McFarlane's car because he recognized McFarlane and suspected he was driving with a suspended license. Upon confirming that McFarlane had a suspended license, the detective conducted a search incident to arrest and found that McFarlane had $42 and a small box in his pocket holding methamphetamine and cocaine. Eight cocaine rocks were different sizes and were not individually packaged. Three officers testified at trial and opined that based on their experiences the way the cocaine was packaged and cut up in various sizes was indicative of distribution, but each officer conceded that the cocaine could also be for self-use. No testimony was presented as to the total weight of the cocaine.

The quantity or packaging of drugs found in a defendant's possession may indicate an intent to sell. Phillips v. State, 961 So. 2d 1137, 1138 (Fla. 2d DCA 2007) (noting that the amount and quantity of drugs possessed by an individual may be circumstantial evidence of his intent to sell where such amount is inconsistent with personal use). "[H]owever, in cases where small amounts of narcotics are found, courts generally require other proof of suspicious circumstances, drug paraphernalia available, or other evidence which circumstantially would indicate intent to sell." Lesane v. State, 895 So. 2d 1231, 1233 (Fla. 4th DCA 2005); see also Jackson v. State, 818 So. 2d 539, 541 (Fla. 2d DCA 2002) (holding that where the defendant was arrested for fleeing a traffic stop and found to possess $400 and five grams of cocaine packaged in six ring baggies, the quantity was not so large as to imply an intent to sell without other evidence); Williams v. State, 569 So. 2d 1376, 1377 (Fla. 2d DCA 1990) (concluding

that evidence consisting of ten pieces of cocaine, marijuana rolling papers, $72, and a weapon was insufficient to prove intent to sell); Thomas v. State, 212 So. 3d 410, 412-13 (Fla. 4th DCA 2017) (holding that the evidence was insufficient to prove intent to sell drugs where the quantity of drugs was small, the drugs were not individually packaged, $1086 in cash was not mingled with the drugs, and the arresting officer did not observe the defendant engage in any conduct consistent with illegal drug sales before stopping him for a traffic violation); Sampson v. State, 863 So. 2d 404, 405 (Fla. 4th DCA 2003) (reversing the defendant's conviction for possession of cocaine and cannabis with intent to distribute where no evidence was presented that the 12.9 grams of cocaine found on the defendant was inconsistent with personal use or that there was any other indication that the defendant intended to sell the cocaine).

The trial court erred in failing to grant McFarlane's motion for judgment of acquittal on the possession of cocaine with intent to sell charge. Before the arresting officer stopped McFarlane's car he did not observe McFarlane engage in any conduct consistent with illegal drug sales. McFarlane did not have large amounts of drugs or money; he did not have a gun, scales, baggies, or any other items to indicate that he was in the business of selling drugs. Further, the officers conceded at trial that McFarlane's possession of the cocaine rocks could have been for his own personal use. See Thomas, 212 So. 3d at 413 (holding that "the state's evidence was legally insufficient to prove an intent to sell the cocaine, especially in light of the state's expert's opinion testimony that appellant's possession of some of the cocaine pieces could have been either with an intent to sell or for his own personal use").

Accordingly, we reverse McFarlane's conviction for possession of cocaine with intent to sell. We remand for entry of a judgment for simple possession of cocaine and for resentencing on the reduced charge.

Reversed in part, affirmed in part, and remanded.


SILBERMAN, J., Concurs.
LUCAS, J., Concurs with opinion.

LUCAS, Judge, concurring.

I agree with the court's decision to reverse Mr. McFarlane's conviction for possession of cocaine with intent to sell because I, like the majority, am bound by precedent to do so. I do wonder, though, whether the law on the issue of criminal intent to sell has become overly didactic—perhaps to the point that it is becoming unsustainable. It is one thing to catalog those aspects of a drug sale prosecution that *can* provide circumstantial evidence of a defendant's criminal intent to sell—having a large quantity of drugs, associated paraphernalia, scales, rolls of cash, and so forth— but quite another to turn them into requisites that *must* be shown, without which the State cannot present its case to the jury. These "tools of the trade," as it were, are indicia of an accused's intent to sell illegal drugs, and the courts rightly allow their consideration in these prosecutions because criminal intent is an element uniquely reserved for a jury's determination. See State v. Tovar, 110 So. 3d 33, 36 (Fla. 2d DCA 2013) ("[A] trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state's failure to prove mental intent." (quoting Hardwick v. State, 630 So. 2d 1212, 1214 (Fla. 5th DCA 1994))); Wallace v. State, 764 So. 2d 758, 759 (Fla. 2d

DCA 2000) ("[P]roof of mental intent is seldom accomplished by direct evidence; consequently, the absence of direct proof on the question of the defendant's mental intent should rarely, if ever, result in a judgment of acquittal." (quoting Ehrlich v. State, 742 So. 2d 447, 450-51 (Fla. 4th DCA 1999))). But our case law treats the presence of these circumstantial indicia of drug dealing as if they were a requisite part of the element of intent that the State must prove in cases where there is no direct evidence of a criminal intent to sell drugs. In truth, we are tasking the State with providing a surrogate for direct evidence (chosen from an opaquely defined list of our making) on the issue of a defendant's intent to sell. Why?

In our district this whole muddled notion appears to have sprouted from the circumstantial evidence rule, which requires a prosecution based upon circumstantial evidence to be inconsistent with the defendant's reasonable hypothesis of innocence. See Williams, 569 So. 2d at 1376 (reciting circumstantial evidence rule and decreeing that defendant's possession of ten pieces of cocaine, marijuana rolling papers, razor blades, $72 cash, and a weapon were not inconsistent with defendant's theory that the cocaine he possessed was for personal use, not for sale); see also Phillips, 961 So. 2d at 1138 ("Where the only proof of an intent to sell is circumstantial, [that proof] may support a conviction only if it excludes every reasonable hypothesis of innocence." (alteration in original) (quoting Glenn v. State, 824 So. 2d 1046, 1049 (Fla. 4th DCA 2002))). I am not convinced that the application of the circumstantial evidence rule we have wrought—focused and applied, as it is, entirely on the singular element of intent—can be aligned with the Florida Supreme Court's clarification of that rule in Knight v. State, 186 So. 3d 1005, 1010 (Fla. 2016) ("[W]e agree with the Fifth District

that [the circumstantial evidence standard] should not be applied based on any particular element of a crime being itself proven entirely by circumstantial evidence."). Since the element in question is one that often turns on circumstantial evidence, it may be time to reconsider our decisions in Phillips, 961 So. 2d 1137, Jackson, 818 So. 2d 539, and Williams, 569 So. 2d 1376, to the extent their underpinning is an erroneous element-centric application of the circumstantial evidence rule.

Accordingly, while I concur with the court's decision today, I question whether the precedents we are applying to reach this decision remain entirely sound. Hopefully an occasion arises where we can thoughtfully reassess them.